**Milton John WARD, Jr.,
Petitioner-Respondent,**

v.

**Carol Ann WARD, Respondent-Appellant.**

**No. 42471.**

Missouri Court of Appeals,
Eastern District,
Division No. 2.

May 12, 1981.

Dan B. Dildine, Troy, for respondent-appellant.

John C. Hannegan, Claude C. Knight, St. Charles, for petitioner-respondent.

WEIER, Judge.

Both husband and wife sought and obtained a dissolution of their marriage over nine years after they had been married. No children were born of the marriage. The court determined that each party was self-supporting and maintenance was denied. The court further determined there is no identifiable separate property belonging to either party and that each one was able to pay his or her own attorney's fees. The marital property was generally divided according to the personal interest that each party had in a particular item. The largest item, the remaining value or equity in the house and lot which they owned and in which they lived, was divided equally. Considering all values fixed by the court, the husband was awarded about $1,600 more than wife out of a total value of $32,000.

This appeal on behalf of the wife is centered around the values that were determined by the court in certain items of property because they were contrary to the weight of the evidence; because of the failure of the court to follow statutory criteria in the division of marital property; because of the use of conflicting standards for valuation of similar items of property; because of the allocation and award of certain property as marital property which the wife contended was her own separate property; and because of a division of property that she considered unfair and an abuse of the court's discretion.

We have considered the record on appeal and the briefs and authorities cited therein and have concluded that the trial court did not err in its judgment and award of property. The judgment of the trial court is supported by substantial evidence, is not against the weight of the evidence and no error of law appears. An extended opinion would have no precedential value. The judgment is affirmed in accordance with Rule 84.16(b).

PUDLOWSKI, P. J., and GUNN, J., concur.