In the Matter of the ESTATE OF Louis N. CANNON, Deceased.

Chapman R. CANNON, Respondent,

v.

Edward J. THOMAS, Administrator, Appellant.

No. 42437.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 25, 1981.

Alfred Boisaubin, Julius H. Berg and Mark D. Hirschfeld, Clayton, for appellant.

Sidney W. Horwitz, St. Louis, for respondent.

PUDLOWSKI, Presiding Judge.

Louis N. Cannon died on September 17, 1979. On September 25, 1979, appellant, Edward J. Thomas, filed for letters of administration alleging that he was the grandson of the decedent. He further alleged that the decedent was survived by two daughters Geraldine Thomas (his mother), and Mary Steinberg. Respondent, Chapman Cannon, brother of the deceased, submitted his petition to administer the estate and was advised that letters of administration had been granted to the appellant. Respondent then filed his petition for determination of heirship. Appellant filed an amended answer admitting that neither he, Mary Steinberg or Geraldine Thomas were descendents of decedent. He alleged, however, that the decedent and Bessie Steinberg, (the natural mother of Mary and Geraldine) had entered into a contract to adopt Bessie's children. It was stipulated at trial that respondent was the sole surviving heir at law. Thus, the trial court held that the only issue to be determined was whether Bessie's children were adopted by equitable estoppel. After a lengthy hearing, the court denied the petition for a decree of equitable adoption by estoppel, revoked the appellant's letters of administration, authorized the appointment of the respondent as administrator and determined that respondent was the only heir of decedent.

Respondent filed a motion to dismiss the appeal alleging that appellant was not an aggrieved party within the meaning of § 512.020 RSMo 1978. We ordered his motion taken with the case. Section 472.160, subd. 1(9) RSMo 1979 Supp. specifically authorizes an appeal from the revocation of letters of administration. Consequently, the respondent's motion to dismiss is denied. From this court tried case, the appellant raises three issues of alleged trial court error.

The first point to consider is appellant's allegation that the trial court erred in allowing the respondent to testify in violation of the dead man's statute, § 491.010 RSMo 1978. "This statute is a *qualifying* enactment in that it first removes the common-law disqualification of witnesses by reason of interest, and it is a *disqualifying* enactment in that it then explicitly recognizes and imposes disqualification in certain instances . . . ." *Fellows v. Farmer*, 379 S.W.2d 842, 849 (Mo.App.1964). These explicit disqualifications should be strictly construed.

The first disqualification (referred to as the transaction proviso) provides that where one of the original parties to the contract or cause of action is dead the other party shall not be admitted to testify in his own favor. The second disqualification (referred to as the administration proviso), provides that where the executor or administrator is a party in a contract action, the opposing party is absolutely barred from testifying as to acts and contracts which occurred prior to appointment of the executor or administrator. Under the transaction proviso both contract and tort claims are affected, while the administrator proviso applies only to contract claims. *Fellows, supra*, 849. Clearly there is no contract or transaction between Louis Cannon and respondent, and thus there is no apparent basis for application of either disqualification.

It is arguable that the claim of adoption by estoppel made by the appellant on behalf of Mary Steinberg and Geraldine Thomas constitutes a "contract or cause of action" for purposes of the dead man's statute. This equitable adoption claim may be a basis for applying the disqualification provisions to the testimony of Mary Steinberg and Geraldine Thomas, since they are parties to the transaction. This claim, however, is no basis for applying the disqualification provisions to respondent, because he is not a party to the adoption transaction.

■ Respondent clearly has a strong pecuniary interest in the outcome of this action to determine heirship, for if respondent prevails, he is the sole heir at law, and thus entitled to the entire estate. This interest, however, is not a basis for applying the dead man's statute to the respondent. This case involves an action to determine heirship, which is a matter within the jurisdiction of the probate court under § 472.020, RSMo 1978. "The administration of the estate of a decedent from the filing of the application for letters . . . of administration until the distribution . . . is deemed one proceeding for purposes of jurisdiction. Such entire proceeding is a proceeding in rem." § 473.013, RSMo 1978. Thus, the petition for a determination of heirship is a proceeding in rem in which the trial court must endeavor to determine the rights of all parties with respect to the decedent's estate. It is similar to a will contest which is in essence, an in rem, ex parte proceeding. In this type of proceeding, heirs at law and devisees are competent to testify. *Reidinger v. Adams*, 266 S.W.2d 610, 613 (Mo.1954).

■ Appellant's suggested application of the dead man's statute to the testimony of respondent would only hinder the trial court in its attempt to accurately determine the heirs at law. Furthermore, it is our opinion that such application exceeds the scope of the contract and transaction language contained in the disqualification provisos of the statute. Thus, the trial court acted properly in admitting the testimony.

■ In his remaining two contentions, appellant alleges that the court's judgment was against the weight of the evidence and was not supported by substantial evidence. We do not agree. A careful and meticulous examination of the entire record in accordance with Rule 73.01 and the dictates of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) reveals that the trial court's judgment is supported by substantial evidence, is not against the weight of the evidence and no error of law appears. *Ward v. Ward*, 616 S.W.2d 864, 865 (Mo.App.1981). An extended discussion would have no precedential

value. Affirmed in accordance with Rule 84.16(b).

Affirmed.

WEIER and GUNN, JJ., concur.