**In re Marriage of George W. CROSS, Petitioner-Respondent,**

v.

**Dorothy J. CROSS, Respondent-Appellant.**

**No. 43464.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 25, 1981.

Fred Roth, Clayton, for respondent-appellant.

Arthur Kreisman, St. Louis, for petitioner-respondent.

GUNN, Judge.

Three of the wife's points of appeal from a dissolution of marriage proceeding relate to the amount of maintenance awarded to her, the distribution of marital assets and the application of statutory criteria. Considering that resolution of conflicts of evidence is for the trier of fact, we find, after review of the record and the wife's brief of law, that the trial court did not err in its judgment and award of property and maintenance. The judgment of the trial court is supported by substantial evidence, is not against the weight of the evidence and no error of law appears as to the foregoing three points of appeal. *Ward v. Ward*, 616 S.W.2d 864, 865 (Mo.App. 1981). An extended opinion on these matters would have no precedential value. Rule 84.16(b).

The wife's fourth point of appeal alleges trial court error in failing to assign a value to the parties' residence and joint bank account. The bank account was awarded to the husband. The residence was directed to be sold with the proceeds, after payment of the mortgage and specified debts, divided equally. The wife, in an excellent brief, cites *Wansing v. Wansing*, 612 S.W.2d 55, 56 (Mo.App. 1981), *Hopkins v. Hopkins*, 597 S.W.2d 702, 709 (Mo.App. 1980), and other cases for the proposition that the validity of the award cannot be adjudged without reference to the value of the material assets allocated. But we find no flaw in the trial court's action in this regard. The evidence relating to the value of the residence was basically uncontroverted. The husband's testimony was that its value was "about $30,000" with a $9,000 mortgage. The wife's testimony was that its present value was "[b]etween twenty-five and thirty thousand dollars" with a $9,000 mortgage. Furthermore, the record fails to disclose any requests made for findings as to the value of the residence. In this situation, then, it will be assumed that the trial court took into account the value of the property as recited, and no legitimate complaint can be made because a dollar value is not assigned to the distributed property. *Fastnacht v. Fastnacht*, 616 S.W.2d 98, 102 (Mo. App. 1981).

The evidence by both parties as to the joint bank account was that it had little or nothing in it. Thus, its award has no significance.

In any event, it is clear that the trial court intended an equal division of the pro-

ceeds of the residence, which was the major marital asset. The fact that no specific dollar amount was assigned to its value does not, in this case, result in any error. The evidence supports the award as made. *Reynolds v. Reynolds*, 610 S.W.2d 311 (Mo. App. 1980).

Judgment affirmed.

CRIST, P. J., and REINHARD, J., concur.