**Sylvia M. BAILEY, Appellant,**

v.

**Noel RICHARDSON, James T. Cronin, Shirley B. Cronin and John Doe and Mary Roe, and Legatees, devisees, heirs at law and all persons interested under the Will or in the Estate of the deceased, Chester I. Bailey, Respondents.**

**No. WD 34104.**

Missouri Court of Appeals, Western District.

Feb. 21, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 27, 1984.

Joyce B. Kerber of Paxton & Block, P.C., Independence, for appellant.

John W. Dennis, Jr., of Paden, Welch, Martin, Albano & Graeff, P.C., Independence, for respondents.

Before MANFORD, P.J., and CLARK and KENNEDY, JJ.

MANFORD, Judge.

This is an original action in equity seeking specific performance of an oral agreement to devise real property. The circuit court entered a judgment of dismissal of the petition on the grounds that the cause of action was a claim within § 473.360, RSMo 1978, and by failure to have filed same within six months, the cause was

barred. The judgment is reversed and the cause remanded.

Appellant's father, Chester Bailey, died on March 8, 1980. He was predeceased by his wife and appellant's mother, Hazel Bailey in January, 1979. Chester Bailey left a will and first codicil. In addition to other provisions, the Bailey will left to appellant a 40-acre tract. The first codicil, executed some six years after the will, changed the devisee of the 40-acre tract from appellant to James Cronin, the grandson of Chester Bailey. Letters testamentary were published on April 9, 1980, and Noel Richardson was appointed by the court as personal representative of the estate.

On October 8, 1980, appellant filed a petition to contest the Bailey will. On June 9, 1982, appellant filed an amended petition which, under Count I, repleaded the will contest, and under Count II, sought relief by way of specific performance. Under Count II, appellant alleged that prior to his death, Bailey had entered into an agreement with appellant whereby appellant agreed to convey 40 acres to Chester and Hazel Bailey, and in exchange, Chester and Hazel Bailey agreed to execute a conveyance releasing their joint life estate in another 120-acre tract. The Baileys further agreed to devise back to appellant the 40 acres. Under Count II of the amended petition, appellant alleged that the decedent, Chester Bailey, breached the agreement by executing the first codicil to his will wherein the 40 acres was devised to James Cronin, Bailey's grandson.

The case was set for trial, and on the calling up of same, appellant voluntarily dismissed Count I (the will contest) and elected to proceed upon Count II (specific performance). This was met by respondents' motion to dismiss. The motion to dismiss alleged that appellant's "claim" was subject to § 473.360, RSMo 1978, and hence, the statute required the filing of the "claim" within six months of the first publication notice of letters testamentary, and that appellant had failed to file her "claim" within six months, as prescribed by the statute. The circuit court sustained the motion to dismiss and subsequently overruled appellant's motion to reconsider. This appeal followed.

Section 473.360, RSMo 1978 reads as follows:

"473.360. Limitations on filing of claims—when claims barred.—1. Except as provided in section 473.370, all claims against the estate of a deceased person, other than costs and expenses of administration, exempt property, family allowance, homestead allowance, claims of the United States and claims of any taxing authority within the United States, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, which are not filed in the probate division, or are not paid by the personal representative, within six months after the first published notice of letters testamentary or of administration, are forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent. No contingent claim based on any warranty made in connection with the conveyance of real estate is barred under this section.

2. Unless written notice of actions instituted or revived under section 473.363 or 473.367 is filed in the probate division within six months after the first published notice of letters, no recovery may be had in any such action on any judgment therein against the personal representative out of any assets being administered upon in the probate division or from any distributee or other person receiving the assets.

3. All claims barrable under the provisions of subsection 1, in any event, are barred if administration of the estate is not commenced within three years after the death of the decedent.

4. Nothing in this section affects or prevents any action or proceeding to enforce any mortgage, pledge or other lien upon property of the estate; except that attachment, judgment, and execution liens shall be enforced as provided in this law and not otherwise."

The only issue before this court is whether appellant's cause of action for specific performance is a "claim" within the meaning of § 473.360 *supra.* This court rules it is not because in this case appellant seeks by specific performance (based upon an ante-mortem contractual right) the transfer of title to specific real property, to with the 40 acre tract. Appellant's claim does not seek recovery of a judgment against the assets of the decedent's (*i.e.* Chester Bailey) estate. Our courts have declared, "It has long been held that a suit to recover specific trust assets in the possession of the administrator is not a claim which would be barred by failure to comply with the nonclaim statutes because such assets are said not to be a part of the estate," *Strumberg v. Mercantile Trust Co.*, 367 S.W.2d 535 (Mo.1963). Conversely it has been held, "Plaintiff's action is for a partnership accounting. He prayed that the cause be referred to a referee, commissioner, or receiver to take and state a mutual account of all transactions.... His position that the action is strictly an equitable matter and not subject to the nonclaim provision of the new probate code is not well taken. He seeks a money judgment, payable out of the assets of decedent's estate in the hands of the executrix, .... This is not an action for the recovery of specific personal property. His action is barred by his failure to comply with the nine months nonclaim provisions of § 473.-360 ..." *North v. Hawkinson*, 324 S.W.2d 733, 740–41 (Mo.1959).

Thus, it is clear from the above authority that actions for the recovery of specific property are not actions within the meaning and intent of § 473.360. It is true that authority upon the subject has addressed personal as opposed to real property. This court, however, finds no reason why the general rule is not applicable to both real and personal property and so rules herein.

This appeal arises from a judgment of dismissal and in the review of judgments of dismissal, appellate courts are bound to assume the allegations within a petition are true. *Stark v. Cole*, 373 S.W.2d 473 (Mo. App.1963). It should, however, not be construed by this opinion that this court has predetermined any factual issue alleged, but rather the disposition of this appeal rests upon this court's ruling that appellant has pleaded sufficient facts to withstand the judgment of dismissal because of the finding herein that said dismissal was premised upon an erroneous finding by the trial court, to wit, that appellant's cause of action was within § 473.360, *supra.*

The judgment of dismissal is reversed and the cause is remanded for further proceedings consistent with this opinion.

All concur.