In the Matter of the ESTATE OF Mark DOWDY, Deceased.

J.B., by his guardian ad litem, C.K., Petitioner-Respondent,

v.

Mark I. DOWDY and Michael Dowdy, Co-Administrators for the Estate of Mark Dowdy, Deceased, Petitioners-Appellants.

No. 48266.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 23, 1984.

D. Sherman Cox, St. Louis, for petitioners-appellants.

Louis Gilden, St. Louis, for petitioner-respondent.

CRANDALL, Judge.

This appeal involves a petition for determination of heirship brought before the Probate Division of the Circuit Court. Mark Dowdy died intestate leaving no surviving spouse. Mark I. Dowdy and Michael Dowdy, his two legitimate sons, were appointed co-administrators of the estate. Thereafter J.B., by his guardian ad litem and mother C.K., brought this action for determination of heirship alleging, *inter alia,* that J.B. was also the son of the deceased and therefore entitled to an interest in the estate. A hearing was held without a jury and the trial court entered its order adjudicating J.B. to be the son of the deceased and therefore entitled to a one-third interest in the estate. We affirm.

Appellants first contend that the trial court erred in permitting J.B. and C.K. to testify, over objection, to facts which establish the paternity of J.B. They argue that the testimony as to the acts and words of the deceased were barred by the Dead Man's Statute, § 491.010, RSMo (1978). A petition for determination of heirship is a proceeding in rem in which heirs at law are competent to testify. *Matter of Estate of Cannon v. Thomas,* 622 S.W.2d 752, 754 (Mo.App.1981). Thus the trial court did not err in permitting J.B.'s testimony. C.K., as a nominal party plaintiff, was clearly competent to testify as she personally had no interest in the estate. *Wilhoit v. Fite,* 341 S.W.2d 806, 818 (Mo.1960). Appellants' first point is denied.

Appellants next contend that the trial court erroneously admitted hearsay evidence, to-wit: a letter from the Social Security Administration and an obituary. Appellants did not raise a hearsay objection at trial to the Social Security Administration letter and therefore cannot now raise the issue on appeal. As to the obituary, assuming without deciding that it was erroneously admitted, the real issue is whether there was other substantial evidence to support the order of the trial court. In a court-tried case, erroneous admission of evidence mandates reversal only in the absence of other sufficient, competent evidence to support the order. *Nunn v. Nunn,* 644 S.W.2d 370, 373 (Mo.App.1982).

We turn now to the issue of whether there was substantial evidence to establish heirship by "clear and convincing proof." § 474.060.2(2), RSMo (Supp.1983). A careful review of the record in accordance with Rule 73.01 demonstrates that the trial court's order was supported by substantial evidence and, if believed, met the burden of proof imposed by statute. An extended opinion on that point would have no precedential value. Appellants' point is

therefore denied in accordance with Rule 84.16(b).

 Appellants finally contend that petitioner's claim is barred on grounds of laches. This contention was never advanced below either by pleading or orally during trial. This issue was simply not presented for consideration by the trial court. We decline to convict the trial court of error on something which it was not accorded an opportunity to rule and which is presented for the first time on appeal. *State ex rel. Shepherd v. St. Louis County*, 542 S.W.2d 55, 62 (Mo.App.1976). Appellants' final point is denied.

The order of the trial court is affirmed.

DOWD, P.J., and CRIST, J., concur.