Sylvia M. BAILEY, Appellant,

v.

James T. CRONIN and Shirley B. Cronin, Respondents.

No. WD 36391.

Missouri Court of Appeals, Western District.

July 16, 1985.

William C. Paxton and Joyce B. Kerber, Paxton, Kerber, Halas & Jeffries, P.C., Independence, for appellant.

James W. Benjamin and Michael L. Parrish, Field, Gentry, Benjamin and Robertson, Kansas City, for respondents.

Before LOWENSTEIN, P.J., and SHANGLER and SOMERVILLE, JJ.

LOWENSTEIN, Judge.

This case involves a breach of contract to devise 40 acres of land. It was tried to the court and review is on that basis.

Plaintiff/appellant Sylvia Bailey (plaintiff) and her sister Shirley Bailey Cronin, one of the respondents in this case, were involved in a series of land transactions between 1958 and 1979 with their now deceased parents, Chester and Hazel Bailey. These transactions were an attempt by the parents to simplify the devise of the 320 acre family farm to the two daughters. In 1958 the parents conveyed the north 160 acres to themselves and the defendant as joint tenants while doing the same with the south 160 acres with the plaintiff. At one point in 1968 each daughter was deeded a fee simple interest in the respective 160 acre parcel, with the parents retaining joint life estates. In 1971, at the advice of an estate planner, and for tax purposes, a change was made where the parents would terminate their life estates in the bulk of the land, and the daughters would deed back their remainderman interest in a small portion of the land. The defendant deeded outright the parents' 20 acres and she kept 140 acres. The plaintiff deeded her parents' 40-acre plot in question and received outright title to the other 120 acres.

The plaintiff Sylvia contends the plan included an agreement on her parents' part that she would receive the remaining 40 acres upon their death. In fact wills executed by the parents in 1971 and 1973 devised that particular 40-acre plot to Sylvia. The father survived the mother. In 1980 after his death the sisters went to the reading of his will, and the defendant sister produced a 1979 codicil that changed the devisee of the 40 acres from the plaintiff to the defendant's son, James, the other defendant-respondent in this case.

The plaintiff originally filed a petition to contest her father's will alleging lack of testamentary capacity and undue influence. Almost two years later she amended her petition to add a second count for breach of contract to devise, and soon dismissed the contest count. When the trial court sus-

tained the defendant's motion to dismiss the breach of contract count, (on the theory of plaintiff not timely pleading specific performance, § 473.360), this court heard the plaintiff's appeal and reversed and remanded, holding that she had pleaded sufficient facts to withstand the judgment of dismissal. *See Bailey v. Richardson,* 667 S.W.2d 720 (Mo.App.1984). In finding for the defendants, the trial court found the evidence at the close of plaintiff's case did not establish an oral or written contract between her and her parents and therefore the father was free to change the devisee of the 40 acres from the plaintiff to his grandson.

The plaintiff's first point on appeal is the trial court erred in excluding her testimony of conversations with her father under the Dead Man's Statute, § 491.010 RSMo (1978), contending the defendants had waived the statute when they served interrogatories on her and took her deposition. She relies heavily on *Watkins v. Watkins,* 397 S.W.2d 603 (Mo.1965), for the proposition that it is immaterial that this discovery was undertaken *before* the breach of contract count was added and the will contest count was dismissed.

■ Once a party waives disqualification of a witness, he waives it for all purposes, *Baker v. Baker,* 363 Mo. 318, 251 S.W.2d 31, 33 (1952). The question here is whether the defendant sister was disqualified at the time the alleged waiver took place. When the defendants undertook discovery, the case *only involved a will contest.* Missouri courts have held that a legatee is not a party to a contract and may testify on questions of undue influence and mental capacity. *Wilhoit v. Fite,* 341 S.W.2d 806, 818 (Mo.1960). *See also Matter of Estate of Dowdy,* 680 S.W.2d 362, 363 (Mo.App. 1984); *Matter of Estate of Cannon,* 622 S.W.2d 752, 754 (Mo.App.1981). The Dead Man's Statute does not apply to a will contest; therefore Sylvia was under no disqualification, and no waiver could take place.

■ The *Watkins* case *supra* is distinguishable since there the original suit was

to set aside deeds to real estate. No will was involved—the father had died intestate. The defendants were disqualified by the Dead Man's Statute when the plaintiffs served their interrogatories and so the disqualification was waived for that action as well as the *defendants'* amended pleading which included a counterclaim for specific performance of an oral promise to convey land. In the case at bar the plaintiff was not subject to disqualification by the statute when discovery was made in the will contest suit. (Counsel on appeal did not represent plaintiff at the earlier stages of the case.) The first point is denied.

The last three points on appeal can be dealt with simultaneously. The plaintiff contends that there was substantial evidence of an oral contract between her and her father and thus her father bargained away his right to change the devisee of the 40 acres and so she is entitled to a decree of specific performance. These contentions are ruled against the plaintiff.

■ A person may contract to make a particular testamentary disposition of his property, and this will be enforced by the courts. *Wimp v. Collett,* 414 S.W.2d 65, 70 (Mo.1967). This contract however, must be proven by clear, cogent and convincing evidence. *Id.* at 75. If this contract is an oral one, then the elements of proof are even more stringent. The Missouri Supreme Court set them out in *Walker v. Bohannan,* 243 Mo. 119, 147 S.W. 1024, 1028 (1912), and they have been reiterated most recently in *Gegg v. Kiefer,* 655 S.W.2d 834, 837 (Mo.App.1983), and *Holt v. Story,* 642 S.W.2d 394, 396 (Mo.App.1982). The court will enforce such an oral contract if 1) the contract is definite; 2) it is proved as pleaded; 3) it is established by recent, definite conversations; 4) it is fair; 5) the proof leaves no reasonable doubt that the contract was made and full performance, as far as possible, has been had; 6) the performance is referrable solely to the contract; 7) the contract is based upon adequate consideration; and 8) a real contract to devise, rather than proof of a mere disposition to devise is shown.

■ The evidence at trial did not meet the requisite level of proof. The plaintiff's case consisted of three witnesses: herself, her sister Shirley, and the lawyer who gave the estate tax advice. As explained under the first point, any conversations between the plaintiff and her father, or the defendant sister and the father were properly excluded under the Dead Man's Statute. The lawyer testified that he had advised the parents to minimize their estate tax liability by having the daughters convey their remainderman interest in a portion of the respective 160 acre tracts equal to the actuarial value of the parents' life estate. This came to about twenty-five percent of the value of the land. In return for this conveyance the parents were to release their life estates on the balance of property. The lawyer did *not* testify as to any additional recommendation that the daughters be the irrevocable devisees of the portion of the land they released.

Deference should be given to the trial court's opportunity to observe the witnesses and to hear them testify which gives it a basis for determining credibility which this court does not have. *Mills v. Bergbauer,* 452 S.W.2d 237, 241 (Mo.1970). The plaintiff's testimony that she would not have deeded her remainderman's interest in the 40 acres had she not been guaranteed that the land would be devised to her was not binding on the trier of fact. But the evidence viewed in light most favorable to the judgment shows she received adequate consideration by getting free and clear title to the other 120 acres. There is no obvious inequity as seen in the *Mills* case *supra,* where a son sought specific performance of an oral agreement to devise land. There the son agreed to move back to his father's farm and take care of the father for the remainder of his life in exchange for the farm when the father died. While the son performed his part the father died without devising the farm to him.

Since Sylvia failed in her heavy burden to prove the oral contract for devise, her father's will was ambulatory until his death. *Wimp,* 414 S.W.2d at 70. He was free to

change the devisee to his grandson. The judgment of the trial court, under *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), is affirmed.

All concur.