Lawrence ROHRER, Quentin Rohrer, Daniel Rohrer and Louise Helen Rohrer, Plaintiffs-Appellants,

v.

Opal ROHRER et al., Defendants-Respondents.

Nos. 49404, 49465.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 19, 1985.

J.D. Rohrer, Steelville, for plaintiffs-appellants.

Nicholas G. Gasaway, R.A. Wegmann, Union, for defendants-respondents.

SMITH, Judge.

Plaintiffs appealed from two dismissals in the Circuit Court of Washington County. The first appeal is from dismissal of a suit seeking specific performance by the personal representative of Willard Isgrig of an oral contract to execute mutual irrevocable wills between Willard and his wife Florence, who predeceased him. The second appeal is from dismissal of a claim subsequently filed in the Probate Division of the court hypothesizing the same facts and seeking essentially the same relief. The two appeals have been consolidated. The basis of dismissal in both cases was for lack of jurisdiction.

Under our present Constitution there is one circuit court in each circuit having original jurisdiction over all cases

and matters, civil and criminal. Art V, Sec. 14(a). On January 2, 1979, the jurisdiction of the probate courts was transferred to the circuit court and the probate courts became divisions of the circuit court. Art. V, Sec. 27.2(b). Judges sitting in the probate division have general equitable jurisdiction. Art. V, Sec. 17; Art. V, Sec. 27.3; Sec. 478.260.2 RSMo 1978. There is no basis under our presently existing law for a finding of lack of jurisdiction because a case is erroneously delineated as brought in, or is filed in, the wrong division of the circuit court. The need to transfer the case from one division to another does not amount to a lack of jurisdiction of the circuit court over the case. It was clearly error for this case to be dismissed by both divisions into which it was filed.

■ Sec. 473.013 RSMo Cum.Supp. 1980, provides: "The administration of the estate of a decedent from the filing of the application for letters testamentary or of administration until the decree of final distribution and the discharge of the last personal representative is deemed one proceeding for purposes of jurisdiction." The jurisdiction of the probate division attaches when an application for letters is made. *Novak v. Akers*, 669 S.W.2d 644 (Mo.App. 1984) [8, 9]. Jurisdiction continues in that court as to all matters pertaining directly to the settlement of the estate until final distribution. *Black v. Stevens*, 599 S.W.2d 54 (Mo.App.1980) [5]. The vesting of equity jurisdiction in the judge of the probate division makes it unnecessary to require claims seeking equitable relief to be processed in a non-probate division as was formerly true. See for example Sec. 473.-313 RSMo 1978. This was recognized by the Supreme Court in *In re the Estate of Basler v. DeLassus*, 690 S.W.2d 791 (Mo. banc 1985). Plaintiffs' petition here is essentially one to compel recognition of a prior will to the exclusion of the one admitted to probate. Resolution of this claim is a part of the administration of the estate and final distribution of that estate. It is properly in the probate division. It is, of course, unnecessary and improper to have two lawsuits between the same parties involving the same issues pending in the same circuit court. For that reason only, the dismissal of cause Number CV01084–71CC filed in the regular division of the Circuit Court is affirmed. Cause number CV–1184–5P filed in the Probate Division is reversed with directions to reinstate the claim.

Cause number CV–1084–71CC affirmed.

Cause number CV–1184–5P reversed and remanded.

CARL R. GAERTNER, P.J., and SNYDER, J., concur.