Lawrence ROHRER, Quentin Rohrer, Daniel Rohrer, et al., Plaintiffs-Appellants,

v.

Opal ROHRER, et al., Defendants-Respondents.

No. 52237.

Missouri Court of Appeals, Eastern District, Division Four.

June 23, 1987.

Jahn Downes Rohrer, Steelville, for plaintiffs-appellants.

Nicholas G. Gasaway, Wegmann, Gasaway, Stewart, Schneider, Dickhaner, Tesreau & Stoll, Union, for defendants-respondents.

GARY M. GAERTNER, Presiding Judge.

Appellants appeal from a judgment denying their request for specific performance of an alleged oral contract between John Willard Isgrig (Willard) and Florence Rohrer Isgrig (Florence), husband and wife, to execute irrevocable joint and mutual wills. We affirm.

The facts show Willard and Florence were married for 48 years and had no children. Florence died in 1978, leaving her entire estate to Willard; he died in 1984. Willard's will did not divide his estate equally between the Isgrig and Rohrer families. Some members of the Rohrer

family filed the instant suit claiming that it was well known within the family and the community that Willard and Florence had executed irrevocable joint and mutual wills in June, 1973, leaving their property equally divided between the two families. Florence's will of June, 1973 was admitted into evidence and contained no language evincing a will contract. No mirror or reciprocal will of Willard dated June, 1973 was found nor did any witness claim to have ever seen such a will.

Appellants' first seven points challenge the trial court's conclusions, claiming that it erred in finding: (1) that Willard may or may not have prepared and executed a mirror or reciprocal will on June 1, 1973; (2) that witness Marie (Rena) Belcher (the operator of a nursing home where Florence lived from 1973 to 1975) never heard about the contents of the wills although she testified to having overheard Willard and Florence discuss wills and understood that their property was to be equally divided between the families; (3) that Florence's will named Willard and a younger Rohrer nephew when several witnesses testified that Florence said she had named as co-executors a younger person from the Rohrer family and a younger person from the Isgrig family; (4) that the common practice of the attorney who drafted Florence's June, 1973 will was to include a paragraph specifying that the will was joint, mutual and irrevocable within the body of the will; (5) that the will of Vivian Stephens (Willard's sister), allegedly used as a model by Willard and Florence, did not give sufficient aid to appellants in proving an oral contract between Florence and Willard; (6) that the evidence presented on behalf of appellants was insufficient to prove an oral contract between Florence and Willard; and (7) that Florence's notes about the disposition of her property were inconsistent with Florence's actions in the execution of her will. We will deal with these points simultaneously.

■ Under Missouri law, appellants bear the burden of proving a contract by clear and convincing evidence. *Bailey v. Cronin*, 694 S.W.2d 518, 520 (Mo.App., W.D. 1985). Direct evidence of a contract is not required and witnesses may supply facts and circumstances which imply that an agreement was made. *Shackleford v. Edwards*, 278 S.W.2d 775, 779–80 (Mo.1955). However, the elements of proof are more stringent when the alleged contract is an oral one. *Bailey*, 694 S.W.2d at 520; *Gegg v. Kiefer*, 655 S.W.2d 834, 837 (Mo.App., E.D.1983). "The court will enforce an oral contract if (1) the contract is definite; (2) it is proved as pleaded; (3) it is established by recent, definite conversations; (4) it is fair; (5) the proof leaves no reasonable doubt that the contract was made and full performance, as far as possible, has been had; (6) the performance is referable solely to the contract; (7) the contract is based upon adequate consideration; and (8) a real contract, rather than a mere disposition to agree, is shown." *Holt v. Story*, 642 S.W.2d 394, 396 (Mo.App., E.D.1982).

■ It is well established that joint and mutual wills are ambulatory in nature, like ordinary wills, unless a valid and enforceable contract creates an irrevocable joint and mutual will. It is only upon finding such a contract that a mutual will shall be enforced. *Plemmons v. Pemberton*, 346 Mo. 45, 139 S.W.2d 910, 914 (1940). The trial court made extensive findings of fact and conclusions of law. Upon review of a court-tried equitable case, the trial court's judgment will be affirmed unless there is no evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ The evidence presented at trial failed to meet the firm requirements for an oral contract. Although several witnesses testified that Florence had stated that she and Willard had executed their wills and were leaving their property equally divided between the two families, the testimony of other witnesses was that Florence and Wil-

lard had not discussed their wills or their intentions regarding disposition of their property. The attorney who drafted Willard's will in 1981 testified that Willard had stated that he had not made any promises about the disposition of his estate. Credibility of witnesses is for the trial court and the reviewing court gives great deference to the lower court's opportunity to observe the witnesses and hear their testimony. *Stratton v. Stratton*, 694 S.W.2d 510, 512 (Mo.App., E.D.1985). An oral contract was not proven by the high degree of clear, cogent, and convincing evidence required in such cases and the trial court did not err in finding that a contract did not exist. *McComb v. Lyons*, 487 S.W.2d 16, 19 (Mo. 1972). These points are denied.

█ In appellants' final point, it is contended that pursuant to § 473.420, RSMo 1978, appellants were entitled to a trial by jury. However, it is well settled that there is no right to a jury trial in a case in equity. *State ex rel. Willman v. Sloan*, 574 S.W.2d 421, 422 (Mo. banc 1978). In the case before us, appellants sought specific performance of an oral contract, which is an equitable remedy governed by equitable principles. *Green v. Woodard*, 588 S.W.2d 522, 524 (Mo.App., S.D.1979). This court, in *Rohrer v. Rohrer*, 700 S.W.2d 879, 880 (Mo.App., E.D.1985), recognized that judges sitting in the probate division have general equitable jurisdiction. The trial court did not err in denying appellants' request to a jury trial in this equitable case. Point denied.

The judgment of the trial court is affirmed.

SIMON and STEPHAN, JJ., concur.