**In re ESTATE OF Donald Dexter DALTON, Jr., Deceased.**

No. 63238.

Missouri Court of Appeals, Eastern District, Division One.

June 15, 1993.

Arthur G. Muegler, Jr., Stephen M. Hereford, Muegler & Niesen, Clayton, for appellant.

David L. Rapp, Murphy & Seltzer, David Richard Bohm, Danna, Saraghan, Stockenberg & Shaw, Clayton, for respondent.

REINHARD, Judge.

Decedent's former wife (petitioner) appeals from a dismissal by the probate division of the circuit court of her petition which sought to revoke the appointment of decedent's father, Donald Dalton, as personal representative and to revoke letters of independent administration. We reverse and remand.

Decedent died intestate on July 10, 1992. His heirs were his father, his sister, Kathleen Dalton, and his brother, Kim Dalton.

The following is a procedural history of the probate case relevant to this appeal:

July 17, 1992  Donald Dalton petitioned for letters of administration seeking to be named personal representative of his son's estate.

July 21, 1992  Decedent's heirs filed consent to independent administration.

Letters of independent administration issued to Donald Dalton.

July 24, 1992  First publication of Notice to Creditors.

September 21, 1992  Inventory and appraisement of decedent's estate filed, showing equity of $125,000 in house and $358,520.03 in personal property.

On July 27, 1992, petitioner filed a petition in the circuit court seeking specific performance by Donald Dalton, individually and as personal representative, Kathleen Dalton, and Kim Dalton (specific performance petition).

The petition alleged that she and decedent were married on November 22, 1967, and that the marriage was dissolved on July 16, 1970. It further asserted that decedent had orally contracted to devise his entire estate, with the exception of some stock in a closely held corporation, to petitioner if she did the following:

(a) [A]cquiesce[d] in [decedent]'s actual and ostensible representation to [his] friends and associates from time to time after Divorce, and during [his] lifetime, that [they] were husband and wife;

(b) [Did not] change [her] residence from [his] actual residence from time to time after Divorce and during [his] lifetime;

(c) [L]ive[d] with [him] after Divorce and for the rest of [his] lifetime;

(d) [R]efrain[ed] from marrying another during [his] lifetime;

(e) [P]erform[ed] services such as cleaning the family home, preparing meals and other services customarily performed by a wife after Divorce and for the remainder of [his] lifetime; and,

(f) [R]emain[ed] a friend, companion and advisor to [him] after Divorce and for the rest of [his] lifetime.

It also alleged that petitioner had fully and faithfully performed all of her contractual obligations and that decedent had breached the contract by failing to execute a will conveying his entire estate, with the exception of the stock in the closely held corporation, to her.[1] It further claimed that the oral agreement was not within the Statute of Frauds, § 432.010, RSMo 1986, because (1) she had fully performed all of her obligations under the contract before decedent's death, and (2) the contract was capable of being performed within one year of its inception.

On December 1, 1992, petitioner filed a petition with the probate division of the circuit court which sought, under § 473.-833, RSMo 1986, to have Donald Dalton removed as personal representative and to revoke the independent letters of administration (petition to revoke).[2] A copy of the specific performance pleading was attached to this petition. At this point, no claims had been filed against the estate.

The petition to revoke asserted that petitioner had standing to sue because her alleged oral contract with decedent rendered her an "interested person" as the term is defined in § 472.010(15), RSMo 1986, and used in § 473.833, RSMo 1986. It further alleged that as personal representative, Donald Dalton had "caused

1. This amount included the house with $125,000 in equity and in excess of $250,000 of the personal property.

2. Section 473.833.4 allows the court wide discretion in ruling on a petition to revoke independent administration. It provides as follows:

4. After hearing on the petition, the court may enter an order directing supervised administration, or the court may deny the petition conditioned upon the performance of some act by the independent personal representative, or the court may grant such other relief as the court deems appropriate under the circumstances. *If the court finds that the actions of the independent personal representative have resulted in loss to the estate, the court may, in addition to ordering supervised administration, remove the personal representative and enter a judgment against him and his sureties, if any, in accordance with the provisions of section 473.207.* (emphasis ours)

waste of decedent's probate estate" by "filing [a] frivolous unlawful detainer lawsuit" against petitioner. She contended that he would continue to act adversely to the estate's best interests and that none of decedent's other heirs were qualified to act as personal representative because their interests conflicted with petitioner's regarding the distribution of the estate's assets.

On December 9, 1992, petitioner filed a "contingent claim" against decedent's estate in the amount of "$2,890.00 plus $578.00 for each month after 12/6/92, plus interest." This represented the mortgage, utility, and maintenance expenditures which petitioner had allegedly made on decedent's home subsequent to his death.

Personal representative and heirs filed a motion to dismiss the petition to revoke claiming that petitioner was not an "interested person" as contemplated by §§ 472.010(15) and 473.833; thus, she did not have standing to challenge the independent administration. The court sustained the motion.

On appeal, petitioner claims that the court erred in dismissing her petition to revoke because she had standing as a non-nominally "interested person". She contends that the court's order should be reversed and the case remanded for a hearing on her petition to revoke.

Section 472.010(15) provides, in relevant part:

"Interested persons" mean heirs, devisees, spouses, creditors or any others having a property right or claim against the estate of a decedent.... *This meaning may vary at different stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved.* (emphasis ours)

Section 473.833 sets out the following procedure regarding revocation of independent administration:

1. An independent personal representative, or any interested person, may, at any time, file a petition to revoke the provisions of letters testamentary or of administration authorizing independent administration.

2. Upon the filing of such petition, the court shall determine the extent of petitioner's interest in the estate and, if it shall find that such interest is more than nominal, the court shall order a hearing on the petition.... If, upon motion of any interested person, the court finds the petitioner's interest is nominal, the court may dismiss the petition.

In her brief, petitioner premises her "interested party" status upon the following bases: (1) her oral contract with decedent, (2) the estate's unlawful detainer suit filed against her, and (3) her claim as a "contingent creditor" of the estate.

The amounts that petitioner claims as a "contingent creditor" and that she allegedly owes as a debtor are clearly nominal when compared to the size of decedent's estate; thus, her motion to revoke will survive dismissal only if her specific performance suit makes her a non-nominally "interested person" within the meaning of § 473.833.

Personal representative and heirs contend that petitioner is neither an heir, devisee, or spouse of decedent, and thus "if she has any interest in the estate based upon her specific performance suit, it is as a creditor or other having a property right or claim against the estate." *See* § 472.010(15). In support of their position that petitioner's specific performance lawsuit is not a "claim against the estate", they cite *L.G. v. F.G.H.*, 729 S.W.2d 634 (Mo.App. 1987) (court held that a suit for specific performance of an oral contract to make a will is neither a probate claim nor a debt on the assets of the probate estate), and *Bailey v. Richardson*, 667 S.W.2d 720 (Mo. App.1984) (court held that an action for specific performance of a contract with decedent to devise real or personal property does not constitute a claim against the estate). Both of these cases focus on whether the specific performance suit was a "claim against the estate" for purposes of the time limitations contained in § 473.360, RSMo 1986.

Personal representative and heirs support a narrow interpretation of the term

"interested person", limiting the definition to those parties listed in § 472.010(15). It appears that no appellate cases have discussed this term in reference to its application to § 473.833.

In the case of *In re Dugan*, 309 S.W.2d 137 (Mo.App.1957), the Southern District, while not ruling on the issue we are confronted with here, discussed the breadth of the phrase "interested persons". The court stated:

> In section 472.010 we find, first, a statement as to what persons ... are interested. This first statement, taken alone, would not include any persons not specifically named and thus would omit administrators.... But effect must be given to the following words, *"this meaning may vary at different stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved."* We cannot ignore them. The legislature intended them to mean something, and that meaning must be either to narrow or to broaden the words of definition which precede.... But if we adopt a liberal construction, as we should and must do, we will give broad meaning to those words and interpret them together with the whole statute and the whole code and in the light of previous decisions concerning similar or related statutes.

*Dugan*, 309 S.W.2d at 144. (emphasis ours).

The *Dugan* court analyzed the term "interested person" in relation to a party's standing to appeal under § 472.160. This section provides that "[a]ny interested person aggrieved thereby may appeal" from certain enumerated orders of the probate court. In defining "interested person", the *Dugan* court relied in part upon the rule that "statutes providing for appeal are to receive a liberal construction." *Id.* at 143.

In the present case, we are confronted with the trial court's dismissal of the petition to revoke independent letters of administration. When reviewing a motion to dismiss, we must broadly interpret the pleadings, treat all facts alleged as true, and construe all allegations favorably to the petitioner. *Best v. Schoemehl*, 652 S.W.2d 740, 741 (Mo.App.1983). Thus, as in *Dugan*, we must give effect to the legislature's declaration that the term "may vary at different stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved." Section 472.010(15).

The Southern District's recent case of *In re Estate of Desterbecque*, 800 S.W.2d 142 (Mo.App.1990), also supports a more liberal interpretation of § 472.010(15). There, the plaintiff filed a suit to compel specific performance of an alleged oral contract to devise decedent's entire estate. He then moved, in the probate division, to block the personal representative's attempt to sell the decedent's real estate; the personal representative contended that the plaintiff was not an "interested person" with standing to contest the sale. The *Desterbecque* court held that the plaintiff's pending suit to enforce the oral contract qualified him as an "interested person" for purposes of challenging the sale and appealing the probate court's order to sell the real estate. *Id.* at 148.

We conclude that petitioner here qualifies as an "interested person" for the purpose of filing the petition to remove the personal representative and revoke the independent letters of administration. We believe this conclusion is supported by the *Dugan* court's broad interpretation of § 472.010(15), and by the determination in *Desterbecque* that a suit to enforce an oral contract to devise an entire estate renders a petitioner an "interested person" for the purpose of challenging a personal representative's attempt to sell real property in the estate. Furthermore, logic dictates that a person claiming a substantial portion of an estate has an interest in its administration.

Having determined that petitioner is an "interested person" for the purpose of filing a petition to revoke independent letters of administration, we must now determine if her interest is more than nominal. Section 473.833, adopted in 1981, distinguishes between nominal and non-nominal "interested persons". Although this distinction

has not yet been interpreted by our courts, we have discovered some commentary on the issue:

> Subsection 2 of V.A.M.S. § 473.833 contains language shedding light on the Missouri definition of the term "interested person." Subsection 2 provides that if the court finds that the petitioner's interest is merely nominal, the court may dismiss the petition. Although the term "interested person" is used throughout the independent administration sections, this is the only statutory indication that more than a nominal interest may be required before a person can qualify as interested in an independently administered estate. Since this provision is permissive rather than mandatory, the court has the option of not dismissing the petition of a person whose interest is nominal and probably would not dismiss the petition if it appeared that the petition was meritorious.
>
> In view of the minimal court supervision, one of the major concerns of independent administration is protection of the rights of interested persons. There is also, however, a contrasting concern: Discouraging needless court intervention or harassment from a disgruntled interested person by reason of his relatively easy access to the court.

Borron, 5A Mo.Prac. § 1637 (2d ed.1990).

We interpret § 473.833 as allowing liberal access to the probate court for the purpose of attacking independent administration. The non-nominal interest requirement of § 473.833 insures that those challenging independent administration have a real stake in the proceeding. However, if the alleged action or inaction of the personal representative does not reasonably affect the non-nominal interest, the probate court should dismiss the petition to revoke without a hearing. Here, personal representative and heirs' motion to dismiss did not raise this issue.

We believe that petitioner's suit for specific performance of the claimed oral contract qualifies her as an "interested person" for the purpose of attacking independent administration. Furthermore, we find that her pleaded claim to the majority of assets in decedent's estate satisfies the non-nominal threshold requirement of § 473.833. Thus, we reverse the probate court's dismissal and remand the case for the purpose of conducting a hearing on the petition to remove personal representative and revoke independent administration. We note that subsection 4 of § 473.833 allows the probate court wide discretion in ordering any relief that it deems "appropriate under the circumstances."

Reversed and remanded.

AHRENS, P.J., and CRIST, J., concur.