In the Matter of D.C.O. and A.D.O.

**Bill Hitt and Brenda Hitt, Appellants**

v.

**Mark S. Odom, Respondent.**

No. 28163.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 7, 2007.

J. Michael Payne, The Limbaugh Firm, Cape Girardeau, MO, for appellants.

H. Mark Preyer, Kennett, MO, for Respondent.

JOHN E. PARRISH, Presiding Judge.

Bill and Brenda Hitt (grandparents) appeal a judgment by which the Probate Division of the Circuit Court of Dunklin County (the probate division) declared a prior judgment that awarded visitation rights to grandparents as being "void from it's [sic] inception." This court affirms.

Mark Odom, father of D.C.O. and A.D.O., (father) filed a pleading in the Circuit Court of Dunklin County entitled "Motion to Modify Judgment with Regard to Grandparents Rights." The pleading

recited that there was a prior order that established "specific grandparent visitation, rights and privileges," with father's children, D.C.O. and A.D.O., and requested the court to "enter it's [sic] Order and Judgment terminating, or at least severely restricting, the visitation rights of [grandparents]." Father's pleading was filed October 19, 2006. The prior judgment to which it was directed was entered January 18, 2001. The judgment that is the subject of this appeal was entered by the Probate Division of the Circuit Court of Dunklin County.[1] It states:

> **UPON** this action being presented to the Court by counsel for [father], father of [D.C.O.], currently age 12 years[,] and [A.D.O.], currently age 10 years, and the Court, after further reviewing the file, finds that it has no jurisdiction due to the [grandparents'] dismissal of Count I of the original Petition which [was] filed as a "Petition for Guardianship" and was set forth in a two count pleading. [Grandparents'] dismissal of Count I of the original Petition on January 18, 2001[,] by stipulation of all parties rendered the Judgment entered on January 18, 2001[,] establishing grandparent's [sic] visitation rights void ab initio because the Court had no jurisdiction to act once Count I was dismissed.

> Therefore, the Judgment entered on or after January 18, 2001[,] by Stipulation of the Parties is void ab initio and has no legal effect. It is not subject to modification because it was void from it's [sic] inception.

> [Father's] request to seek appointment of Guardian Ad Liteum [sic] is

denied and [father's] Motion to Modify is dismissed by the Court on it's [sic] own Motion, and the file is Ordered closed.

Grandparents' Point I contends the judge who entered the January 18, 2001, judgment had authority to do so "in that the trial court was an associate circuit judge sitting in the Probate Division and had general equitable jurisdiction to rule on the matters and issues before it." Point II argues that Count II of the amended petition that was adjudicated by the January 18, 2001, judgment "pertained to probate business, and the Probate Division had jurisdiction to hear and determine all matters pertaining to its probate business, which included the appointment or refusal to appoint a guardian for the minor children."

■ On January 2, 1979, probate courts ceased to exist. Mo. Const. art. V, § 27.2.b; *Poertner v. Hess,* 646 S.W.2d 753, 754 (Mo.banc 1983). The jurisdiction of probate courts within each circuit was transferred to the respective circuit court and became a division of that circuit court. Mo. Const. art. V, *supra.* Since that date, as provided by law, matters previously heard by probate courts are heard by circuit judges and associate circuit judges. Mo. Const. art. V, § 27.3. Section 478.220 [2] provides that circuit judges and associate circuit judges may hear and determine all cases and matters within the jurisdiction of their circuit courts subject to certain restrictions. Section 478.220(2) provides:

> Circuit assigned Judge Stephen Mitchell, associate circuit judge from Stoddard County, another county within the 35th Circuit, to the case. Judge Mitchell entered the October 19, 2006, judgment that has been appealed.

---

1. Dunklin County is part of the 35th Judicial Circuit. The Dunklin County associate circuit judge who presided in the probate division of that circuit court recused prior to the proceeding that led to the entry of the January 18, 2001, judgment. By order dated August 22, 2000, the presiding judge of the 35th

2. References to statutes are to RSMo 2000.

Each circuit judge or associate circuit judge *who serves as the judge of the probate division of the circuit court* may hear and determine *all cases and matters within the probate division of the circuit court* in the county for which he is judge in accordance with the rules of civil procedure, except where specific statutes govern procedure in the probate division; .... [Emphasis added.]

Section 478.220(3) allows transfers and assignments of judges to hear and determine "particular cases or classes of cases" as permitted by "provisions contained in article V of the constitution, in provisions of law, or in court rules which are authorized by the constitution or by law." Judge Stephen Mitchell was assigned to hear this case pending in the Probate Division of the Circuit Court of Dunklin County. *See* n. 1, *supra*.

Section 472.020 provides that "[t]he probate division of the circuit court may hear and determine all matters pertaining to ... the appointment of guardians and conservators of minors." *See also* § 475.030. Count I of the amended petition that led to the 2001 judgment sought appointment of a guardian of the two children, D.C.O. and A.D.O., and a conservator of their estates. Although Judge Mitchell, as an associate circuit judge, could be assigned responsibilities in other types of proceedings, his assignment at the time the 2001 judgment was entered was limited to a particular pending case, the probate proceeding that sought guardianships and conservators for D.C.O. and A.D.O.

■ When a judge is engaged in the exercise of a special statutory power, his or her authority is limited by the appropriate statutes. *Randles v. Schaffner*, 485 S.W.2d 1, 3 (Mo.1972); *Payne v. Director of Revenue*, 905 S.W.2d 107, 109 (Mo.App. 1995). Judge Mitchell's authority was limited to probate matters in the pending case

brought by grandparents. Count I of that proceeding was dismissed. Thereafter, the parties sought to have the probate division enter a judgment awarding grandparents visitation, notwithstanding that grandparent visitation issues were not addressed by statutes applicable to probate proceedings.

Grandparent visitation rights are addressed by § 452.402 which relates to custody issues in dissolution of marriage and other related cases that a probate division does not hear. The equitable powers § 472.030 grants to a judge in a probate division of the circuit court are "to effectuate and to enforce its orders, judgments and decrees in probate matters." Upon dismissal of Count I, there was no probate matter remaining. Judge Mitchell had nothing pending in the Dunklin County probate case in which to enter an order or judgment, the enforcement of which would require exercise of equitable powers. Point I is denied.

■ Grandparents' Point II likewise fails. Following the dismissal of Count I, the request for grandparent visitation sought by Count II did not pertain to probate business. The probate division lacked authority to enter the judgment that purported to grant the request for grandparent visitation. The purported judgment that sought to make such an award was, therefore, void at its inception, i.e., void ab initio. Being void ab initio, it is void forever. *Bueneman v. Zykan*, 52 S.W.3d 49, 58 (Mo.App.2001); *McMillan v. Wells*, 924 S.W.2d 33, 35 (Mo.App.1996). Point II is denied.

■ Point III contends the trial court erred in declaring the 2001 judgment void ab initio because that court, being the court that entered the 2001 judgment, no longer had control over it; "that a trial court only has control of its judgment for

30 days following the entry of the judgment." Grandparents rely on Rule 75.01 as support for their claim that the trial court was not timely in declaring the 2001 judgment void. Rule 75.01 permits a trial court, within 30 days following entry of a judgment and upon giving the parties an opportunity to be heard, to, "for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." Rule 75.01 relates to enforceable judgments. A void judgment is not enforceable. Any proceeding by which a void judgment is correctly declared cancelled is proper regardless of when brought in that a void judgment is subject to attack at any time.[3] *Bueneman, supra; Taylor v. Taylor,* 47 S.W.3d 377, 389 (Mo.App.2001). Point III is denied. The judgment is affirmed.

BATES and SCOTT, JJ., concur.

---

**3.** Grandparents cited *Rohrer v. Rohrer,* 700 S.W.2d 879 (Mo.App.1985), in support of each of their three points on appeal. In *Rohrer,* two cases with the same parties that involved the same issues were pending in different circuit court divisions, one of which was the probate division. Both were dismissed. The dismissals were appealed. *Rohrer* held that the issues were probate matters. The dismissal by the probate division was reversed. The other dismissal was affirmed. Grandparents argue that *Rohrer* stands for the proposition that because two cases that involve the same issues are not required between the same parties, Count II of the amended petition that led to the 2001 judgment should be transferred to another division of the circuit court rather than the 2001 judgment being declared void. This court does not find grandparents' argument persuasive. Unlike *Rohrer,* the 2001 judgment in this case granted relief that the probate division lacked authority to grant. If there is now an issue regarding visitation rights, it can be pursued by an action separate and apart from the one that produced this appeal.