John William **FRANKLIN**, Respondent,

v.

Jacob William **FRIEDRICH**, Appellant.

No. 55470.

Supreme Court of Missouri,
Division No. 2.

Sept. 13, 1971.

William B. Spaun, Hannibal, for respondent.

W. F. Daniels, Fayette, for appellant.

PRITCHARD, Commissioner.

This case, tried on appellant's $24,000 counterclaim for damages for personal injuries, resulted in a verdict and judgment for respondent. The sole issue is whether the trial court erred in receiving into evidence respondent's Exhibit A, a Missouri Uniform Traffic Ticket, wherein appellant was charged with "C & I—failure to exercise highest degree of care," and which he admitted signing on the reverse under "plea of guilty and waiver," and mailing it to the Magistrate Court of Ralls County, Missouri, with a $25 check for a fine.

The thrust of appellant's first argument is that although § 491.050, RSMo 1969, V.A.M.S., permits the showing of a conviction of a crime to affect his credibility, the prejudicial error was in permitting respondent to go beyond the admission of a plea of guilty, and to show the circumstances of his arrest, pursuit of information shown on Exhibit A, and passing it to the jury after it had already been read to it. Appellant says that after he admitted entering a plea of guilty by signing the back of the ticket, further inquiry into the matter was foreclosed.

In detail, the matter came up during the cross-examination of appellant: "Q. Now, Mr. Friedrich, is this your signature? A. Yes, that looks like it. Q. Did you sign that? A. Well, it looks like my signature. Q. Well, did you sign it? [An objection was made by appellant to the showing that the exhibit was given by reason of this particular accident, although the traffic conviction could be shown as affecting credibility. The objection was overruled.] * * * Q. Do you see your name on here? A. Yes. Q. And your age? A. Yes, I see it there. Q. And does that say it is a Missouri Uniform Traffic ticket? A. Yes, it says that up there. Q. And does it say on there any place for you to appear in court here in Ralls County? THE COURT: Well, was there a plea, that's what the Court is interested in. MR. SPAUN: Yes. THE COURT: That makes it admissible, otherwise a lot of that isn't. A. Well, is that it right there? MR. SPAUN: Q. This is your signature on the back, isn't it? A. Yes, yes. Q. That's your signature on the back? A. Yes. Q. And you put your name and address there? A. That's right. Q. And you also put your driver's license number there? Can you see what that says? A. No. Q. Can you see where it says 'plea of guilty and waiver'? A. You mean in this writing right here? Q. Yes. A. I can't hardly see it. (Witness mumbles something about his glasses) Yes, I see that. Q. And that is your signature over there, your writing, 'J. W. Friedrich'? A. Yes. MR. SPAUN: If your Honor, please, I would like to introduce in evidence Plaintiff's Exhibit A. MR. DANIELS: We object as heretofore stated, your Honor. THE COURT: Yes, objection overruled, and Plaintiff's Exhibit A will be received in evidence. MR. SPAUN: May I show it to the jury? THE COURT: You may do so, or maybe rather than show it, you can read it. That would be twelve people reading it. You read what you want. MR. SPAUN: Very well, on the front of this document it says 'Mr. Jacob William Friedrich is cited to appear before Judge

Weaver on the 7th day of December, 1966, in New London, in Magistrate Court.' On the back of Exhibit A, reads as follows: 'Appearance, plea of guilty and waiver. I, the undersigned, do hereby enter my appearance on the complaint (or information) of the offense charged on the other side of this summons. I have been informed of my right to trial and my signature to this plea of guilty will have the same force and effect as a judgment of the Court, and that the record will be sent to the license authority of this State. I do hereby plead guilty to said offense as charged, and waive my right to a hearing by the Court and agree to pay the penalty prescribed for my offense.' * * * THE COURT: Now what is the offense, you see we don't know that? MR. SPAUN: Now the offense on the front is 'careless and imprudent driving, failure to exercise the highest degree of care'. Complaint and information Number 445412. Directed to the Magistrate Court of Ralls County, Missouri. MR. SPAUN: (Continuing cross-examination) Q. I believe you paid a fine? A. I gave him a check, mailed him a check when I was in the hospital. Q. For how much? A. I believe it was $25.00. I don't know for sure. Q. And this is a citation that was given you as a result of your action? MR. DANIELS: We object to that, it's improper. THE COURT: Sustained. MR. DANIELS: And ask that the jury be instructed to disregard. THE COURT: As to that last, the jury will disregard it. Q. This citation that is in evidence shows that on or about November 14, 1966, at Route HH, at approximately 4:30 P.M. you are charged with careless and imprudent driving? MR. DANIELS: We object to that, if it please the Court. The Court has sustained an objection to that. Now counsel is going into it again. THE COURT: You have covered about what I think the law permits you to show. That's a plea of guilty as to this particular accident. MR. SPAUN: Well, can't the jury know the date and time of the offense? THE COURT: Yes, yes. MR. SPAUN: That's what I'm

trying to get in evidence now, your Honor. MR. DANIELS: That's been gone into, if it please the Court. THE COURT: I'm not sure the date was gone into. MR. SPAUN: Well, I would like to read that to the jury since there is an argument about it. It says, 'The undersigned peace officer complains and states that on or about the 14th day of November, 1966, on Route HH at 4:30 P.M. within the county and state aforesaid Jacob William Friedrich, height 5 foot ten inches tall, male, box 305—[Objection on the ground of repetition and prejudice, which was overruled.].' " Counsel for respondent was then permitted to hand the exhibit to the jury.

The court gave Instruction 8:

"You are instructed that defendant's conviction of a traffic violation may only be considered by you to affect his credibility as a witness and may not be considered by you in determining whether or not the defendant was negligent as to the occurrence mentioned in evidence."

■ Under Stack v. General Baking Co., 283 Mo. 396, 223 S.W. 89, 96 [16, 17], which construes what is now § 491.050, the interrogation of appellant as to Exhibit A (which shows an arrest and a charge) was improper on the issue of appellant's credibility. This for the reason that appellant had admitted his conviction, and therefore Exhibit A contradicted nothing. There was, however, in the case another issue raised by the receipt into evidence of Exhibit A, and the interrogation with respect thereto. That issue was that the charge of "C & I—failure to exercise highest degree of care," arising out of the very occurrence as that for which appellant pleaded guilty constituted an admission or declaration against interest as bearing on his contributory negligence. See Howard v. Riley, Mo., 409 S.W.2d 154, 156 [1]; Nichols v. Blake, Mo., 418 S.W.2d 188, 190; Ferguson v. Boyd, Mo., 448 S.W.2d 901, 903 [3, 4]; and see also 31A C.J.S. Evidence §

381, p. 929. Although the objections in the trial court, and the trial court's rulings and findings, related to the ground of credibility, it is well settled that if the action of the trial court was proper on any ground, although not asserted, such action will be upheld. "The admission, exclusion, striking, or refusal to strike evidence is not reversible error where it is proper on any ground, even though not proper on the ground stated in the objection or ruling. In such case it is immaterial on what ground the objection or ruling was made or whether such ground is good; and the sufficiency of the reason need not be considered." 5 C.J.S. Appeal & Error § 1464(3), p. 673. Compare Boehmer v. Boggiano, Mo., 412 S.W.2d 103, 110 [5, 6]; and cases holding that it is of no consequence that the court excluded evidence on an erroneous ground, where there exists a good ground for excluding it: Cain v. St. Louis Public Service Co., Mo.App., 59 S.W.2d 734, 738 [8, 9]; Tinsley v. Washington Nat. Ins. Co., Mo.App., 97 S.W.2d 874, 881 [23]; Rubinstein v. New York Life Ins. Co., Mo.App., 153 S.W.2d 760, 763 [3–6]; Eller v. Crowell et al., Mo., 238 S.W.2d 310, 313 [1–3], among some. Fisher v. Gunn, Mo., 270 S.W.2d 869, 876, did not discuss the dual reasons for admissibility of evidence affecting credibility and also that such might be an admission against interest.

■ Appellant further says Exhibit A was inadmissible because the words "C & I —failure to exercise highest degree of care" charged no offense, but that it merely pleads a conclusion of law. Such ground was not stated at the time the exhibit was offered and received in evidence. Presenting such ground for the first time in the motion for new trial, as was done, comes too late. Stafford v. Lyon, Mo., 413 S.W.2d 495.

The judgment is affirmed.

BARRETT, C., not sitting.

STOCKARD, C., concurs.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

MORGAN, P. J., DONNELLY, J., and HENLEY, Alternate Judge, concur.

FINCH, J., not sitting.