■ LANTIS EYEWEAR CORPORATION, Respondent, v LUXOTTICA GROUP S.P.A., Defendant, and RAY-BAN SUN OPTICS, INC., Appellant. [742 NYS2d 14] —Order, Supreme Court, New York County (Helen Freedman, J.), entered January 14, 2002, which denied defendant Ray-Ban Optics' motion seeking summary judgment dismissing the complaint and upon Ray-Ban's second and third counterclaims, unanimously affirmed, without costs.

Plaintiff was the exclusive distributor for a line of sunglasses manufactured by Bausch & Lomb, the predecessor in interest of defendant Ray-Ban Sun Optics. Plaintiff commenced this action to recover for Ray-Ban's alleged breach of the parties' three-year distributor agreement entered into in 1998, which plaintiff maintains was wrongfully terminated by Ray-Ban in January, 2000. Ray-Ban has responded that it was entitled to terminate the agreement when it did since the agreement, by its terms, was terminable if the subject product's market share in the territory covered by the agreement declined by 10% or more during the course of a fiscal year and subsequent attempts at renegotiating the agreement were unsuccessful, and, according to Ray-Ban, both of these circumstances have occurred. In this connection, Ray-Ban points out that the

subject product's agreed upon market share at the agreement's inception was 34.7% and that after a year its market share had declined to 26.1%, a drop of more than 10% if the relevant percentage is that taken of the agreed upon initial 34.7% market share figure. The problem with this contention, however, and its infirmity as a basis for the award of summary judgment dismissing the complaint sought by Ray-Ban, is that it is by no means clear that the 10% decline referred to in the agreement is meant to refer to 10% of the initial 34.7% market share or 10% of the total market share, requiring in the latter instance a drop in the subject product's market share to 24.7% to satisfy the threshold condition of the agreement's premature termination. Inasmuch as both readings of the agreement are plausible and the agreement is thus ambiguous on its face on the point in issue (*see, Chimart Assoc. v Paul*, 66 NY2d 570, 573), and plaintiff, in opposing summary judgment, has presented evidence of the contracting parties' course of dealing sufficient to raise triable issues as to whether the agreement was intended to be terminable with the relative facility contended by Ray-Ban, summary judgment was properly denied (*see, Bamira v Greenberg*, 256 AD2d 237, 238-239).

In view of the foregoing, the motion court properly declined to grant Ray-Ban summary judgment upon its third counterclaim seeking damages resulting from plaintiff's failure to resell its existing inventory to Ray-Ban in accordance with the agreement in the event of the agreement's proper termination. We have considered appellant's other arguments and find them unavailing. Concur—Williams, P.J., Nardelli, Saxe, Rosenberger and Marlow, JJ.