Rebbecca Lake WOOD, P.A. Administrator for the ESTATE OF Lyle LISHER, Respondent,

v.

Patricia LISHER, et al., Defendants.

State Farm Fire & Casualty
Company, Appellant.

No. WD 65827.

Missouri Court of Appeals,
Western District.

April 11, 2006.

Eric T. Swanson, Kansas City, MO, for Appellant.

John Pruitt Killian, II, Kansas City, MO, for Respondent.

Before JAMES M. SMART, JR., P.J., ROBERT G. ULRICH, and LISA WHITE HARDWICK, JJ.

JAMES M. SMART, JR., Judge.

State Farm Fire & Casualty Company appeals the judgment of the trial court that found it jointly and severally liable for the amount of the bond as surety for Patricia Ann Lisher. State Farm argues that Lisher's "removal" as personal representative of an estate equates to "discharge." The judgment is affirmed.

## Procedural and Factual Background

Patricia Ann Lisher ("Lisher") was granted letters of administration appointing her personal representative of the estate of Lyle Lisher on June 10, 1998. State Farm Fire & Casualty Company ("State Farm"), appellant, filed a corporate surety bond in the amount of $7,500 on behalf of Lisher on June 8, 1998. Six months later, December 4, 1998, State Farm increased the bond amount to $9,500.

The circuit court entered a judgment of revocation on November 20, 2000, revoking the letters of administration granted to Lisher for her failure to file a settlement. The court found that Lisher "failed to faithfully and fully administer the estate, and, has failed to account for, pay and deliver all monies and property of the Estate as required by law." One month after revoking the letters, December 21, 2000, the court appointed Rebbecca Lake Wood ("Wood"), Public Administrator for Jackson County, Missouri, and respondent, as the Administrator *ad Litem*. She was granted letters of administration *de bonis non* for the estate on July 23, 2003.

Wood filed suit against Lisher and State Farm on August 25, 2004, for breach of fiduciary duty and stating a cause of action against the bond. One of State Farm's affirmative defenses was that Wood's action was barred by the one-year statute of limitations in section 473.213.[1] State

1. All statutory references are to the Revised Statutes of Missouri, 2000, unless otherwise

Farm also filed a motion to dismiss on December 6, 2004, stating the claim was barred by the one-year statute of limitations. The trial court dismissed the affirmative defense and denied the motion. After receiving evidence and statements of counsel, the trial court found a total loss of $51,766.70 resulting from Lisher's actions. State Farm, as surety for Lisher, was jointly and severally liable for the amount of the bond, $9,500. This appeal follows.

## Pertinent Statutory Provisions

**Section 473.213:**

Proceedings upon the bond of a personal representative shall not be brought subsequent to one year after the personal representative's discharge.

**Section 473.567:**

If the executor or administrator fails to appear as required by the citation or, appearing, fails or refuses to file settlement, or to show cause why settlement should be continued, the court, in addition to the fine provided for in section 473.563, may revoke his letters and issue attachments or other process to compel final settlement, directed to any county in the state. In all such cases the delinquent shall pay costs.

**Section 473.660:**

Upon the filing of receipts or other evidence satisfactory to the court that distribution has been made as ordered in the final decree, the court shall enter an order of discharge. The discharge so obtained operates as a release from the duties of personal representative and operates as a bar to any suit against the personal representative and his sureties unless the suit is commenced within one year from the date of the discharge. Nothing in this section shall be construed to change the effect of an order indicated.

approving final settlement as provided in section 473.597.

## Standard of Review

The standard of review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). This court will affirm the judgment of the motion court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* at 32. We review issues of law *de novo*. *Jackson County Bd. of Election Comm'rs v. Paluka*, 13 S.W.3d 684, 688 (Mo.App.2000).

## Analysis

State Farm's only point on appeal is that the trial court erred in entering judgment in favor of Wood because her claim was barred by the one-year statute of limitations in section 473.213. It argues that the removal of Lisher as personal representative was the same as "discharging" the personal representative. The one-year statute of limitations in section 473.213 begins to run at the time of "discharge."

State Farm's argument centers on the fact that "removed" and "discharged" have the same dictionary definition. As the meanings are reflexive, and "discharge" is not defined in the statutes, State Farm argues that "removal" and "discharge" are the same concept because they share the same plain or ordinary meaning from a dictionary. State Farm cites multiple dictionary definitions of "discharge" and "removal" that contain the other term. Finally, it argues that with Lisher's removal equating to discharge, the statute of limitations began to run at the time Lisher was removed.

■ Determining whether the judgment of the trial court revoking the letters of administration issued to Lisher constituted "discharge" requires statutory interpretation. In interpreting statutes, we begin with section 1.090:

> Words and phrases shall be taken in their plain or ordinary and usual sense, but technical words and phrases having a peculiar and appropriate meaning in law shall be understood according to their technical import.

■ In determining legislative intent, the statute is read as a whole and *in pari materia* with related sections. *Lane v. Lensmeyer*, 158 S.W.3d 218, 226 (Mo. banc 2005) (*citing State, Mo. Dep't of Soc. Servs., Div. of Aging v. Brookside Nursing Ctr., Inc.*, 50 S.W.3d 273, 276 (Mo. banc 2001)). The provisions of the statute, if possible, will be harmonized with each other. *Bachtel v. Miller County Nursing Home Dist.*, 110 S.W.3d 799, 801 (Mo. banc 2003).

The question is whether the term "discharge" is to be understood in some ordinary way or whether it has a particular technical import within the Probate Code.

"The 1955 Probate Code was the first general revision of the probate laws since 1825." John A. Borron, Jr., 5 Missouri Practice: Probate Law and Practice § 1601 at 495 (3rd ed.2000). The committee that drafted the revision drew from the Model Probate Code, statutes from other states, and existing Missouri law. *Id.* For example, section 473.213 is section 119 of the Model Probate Code, replacing previous Missouri law. Committee Comment, § 473.213, RSMo. Supp.1955. Section 473.660 is section 193 of the Model Probate Code. Committee Comment, § 473.660,

RSMo. Supp.1955. Due to the complete revision, the new code must be analyzed as a whole. *See Lane*, 158 S.W.3d at 226. Accordingly, we conclude that the meaning of "discharge" must be examined in the context of the probate code.[2]

Section 473.213 states: "Proceedings upon the bond of a personal representative shall not be brought subsequent to one year after the personal representative's discharge." Section 473.660 describes the process for "discharge," stating that it is ordered by the court upon "the filing of receipts or other evidence satisfactory to the court that distribution has been made as ordered in the final decree."

> [T]he personal representative must comply with the final order of distribution in order to be discharged from his or her fiduciary office. This is accomplished by satisfying the court that the order of final distribution has been fully implemented, and petitioning for discharge under ... § 473.660.

Borron, *supra*, § 1398 at 395–96.

■ An estate is not closed until the probate court has ordered the administrator of an estate discharged. *In re Estate of Frein*, 967 S.W.2d 258, 260 (Mo.App. 1998). "In order to be discharged, the personal representative must abide by the order of final distribution and satisfy the court of that compliance." Borron, *supra*, § 1452 at 420. Our cases, when using the term "discharge," are typically referring to the technical use of the word in accordance with section 473.660. *See, e.g., Estate of Rogers v. Battista*, 125 S.W.3d 334, 337 (Mo.App.2004); *Springfield Land & Dev. Co. v. Bass*, 48 S.W.3d 620, 627 (Mo.App. 2001).

---

**2.** Further changes were made to section 473.660 in 1980 by reducing the time to file suit from two years to one year. 1980 Mo. Laws 470. Section 473.213 was harmonized with this change in 1996. 1996 Mo. Laws 861.

In this case, the trial court's judgment on November 20, 2000, revoked the letters of administration for Lisher. It did not discharge her under the procedures of section 473.660. Nowhere in the Judgment of Revocation for Failure to File Settlement is the term "discharge" used. Rather, the revocation of the letters was based in sections 473.567 and 475.280.

Discharge is a technical term with specific meaning. *See* § 1.090. For discharge to occur, specific procedures must be followed and an order of discharge issued by the court. § 473.660; *see also, In the Estate of Snider,* 182 S.W.3d 734, 736 (Mo. App.2006) (stating that the probate code provides specific statutory procedures that must be followed). In this case, the trial court has not entered an order of discharge to allow the one-year clock in section 473.213 to begin running. Point denied.

### Conclusion

The judgment of the trial court is affirmed.

ULRICH and HARDWICK, JJ., concur.

