Cynthia **KLEIM**, Appellant,

v.

Gregory **SANSONE**, Respondent.

No. SC 88749.

Supreme Court of Missouri,
En Banc.

April 1, 2008.

Monnye R. Gross, Clayton, Richard A. Wier, St. Louis, for appellant.

Joseph R. Dulle, Paul J. Puricelli, St. Louis, for respondent.

MICHAEL A. WOLFF, Judge.

### Issue

Does filing a will contest petition in the probate division before the will is admitted to probate constitute a filing in a court that lacks jurisdiction or a premature filing warranting dismissal?

### Facts and Background

Elden Choisser died on August 18, 2005, at the age of 91. The night before he died, Choisser executed a will in which he devised the majority of his estate to Gregory Sansone, Choisser's neighbor. Sansone's attorney drafted the will, which left only one share of the residuary estate to Cynthia Kleim, Choisser's daughter and sole heir. Although Choisser left the majority of the estate to Sansone, he also specifically devised some of his personal property, including his dog, which he left to his neighbor, Mike Orville, his books, which he devised to the public library in Richwood, Missouri, and the other share of the residuary estate, which he devised to Lorayne Pletting, Kleim's mother.

Sansone filed an application for probate of Choisser's will in the probate division of the Washington County Circuit Court on September 12, 2005. On November 2, 2005—before the court admitted the will to probate—Kleim filed a "Petition to Contest the Last Will and Testament of Elden Choisser" in the probate division. The court admitted Choisser's will to probate on April 28, 2006.

Kleim filed two motions to compel discovery from Sansone and, in October 2006, the probate division held a hearing on the motions. At this hearing, the judge announced that he did not have "subject

matter jurisdiction" to adjudicate the will contest. Kleim filed a motion to transfer the case to the circuit division, which Kleim later withdrew and then reinstated. In response, Sansone filed a motion arguing that the court should dismiss the will contest action for "lack of subject matter jurisdiction." The probate division judge, without a hearing, entered a judgment dismissing Kleim's will contest action for lack of subject matter jurisdiction in December 2006.

After opinion in the court of appeals, this Court granted transfer. Mo. Const. art. V, § 10.

### Transfer, Not Dismissal

Kleim argues that the trial court erred in dismissing the will contest action on the grounds that it was filed incorrectly. Section 473.083.1 [1] provides that a person wishing to contest the validity of a will must file "by petition filed with the clerk of the circuit court of the county." The section also states that "[a]ny contest of the validity of a probated will ... shall be heard before a circuit judge other than the judge of the probate division." Section 473.083.5.

Relying on these provisions, the probate division judge determined that Kleim had incorrectly filed in the probate division rather than the circuit court. Rather than transferring the petition, the probate division held that it lacked "subject matter jurisdiction" under the statute and dismissed the case.

■ A thorough revision of the judicial article of the Missouri Constitution, article V, was adopted by the voters in 1976. Section 27.2(a) of art. V transferred jurisdiction of the probate courts to the circuit courts so that probate courts became divisions of the circuit court. Because the probate division is part of the circuit court system under the 1976 amendments, filing in the probate division qualifies as a filing in the circuit court under section 473.083.1. In dismissing the case, the trial court failed to recognize that the probate and circuit divisions are parts of a unified circuit court.

When a party files in the wrong division, the proper remedy is transfer to the appropriate division. Section 476.410; *Rohrer v. Rohrer*, 700 S.W.2d 879, 880 (Mo.App. 1985). As such, the probate division should have transferred the will contest action to the proper division, the circuit court, rather than dismissing the action.

### Time Limitations in Section 473.083

Sansone also argues that the probate division's acceptance or rejection of the will is a condition precedent for filing a will contest action under section 473.083.

Section 473.083.1 sets forth the time limitations for contesting the validity of a will. That section provides that an interested party must appear "within six months after the date of the probate or rejection thereof by the probate division of the circuit court, or within six months after the first publication of notice of granting of letters on the estate of the decedent, whichever is later."

Kleim filed her will contest petition on November 2, 2005, over five months *before* the probate division admitted the will to probate on April 28, 2006. Because Kleim filed the contest petition before the probate division admitted the will to probate, Sansone argues that the circuit court did not have "subject matter jurisdiction" to hear the case under section 473.083.

A judgment admitting or rejecting a will to probate is, according to Sansone, a con-

---

1. All statutory references are to RSMo 2000.

dition precedent to a will contest. Under this interpretation, a party who files before the "statutory window" of six months after a will is admitted or rejected, or six months after the first publication of notice of granting of letters on the estate of the decedent, has not complied with the statute. In other words, under Sansone's proposed interpretation, premature filing of a will contest action renders the petition invalid.

*Bosworth v. Sewell*, 918 S.W.2d 773 (Mo. banc 1996), which Sanason cites, does not support his position. "The six-month window [for filing a will contest] does not open until the rejection or probate of a will or the first publication of notice granting letters, whichever is later," this Court explained in *Bosworth*, citing section 473.083.1. "The application for letters is the first step in probating a will. Issuing the letters triggers the first publication notice. Section 473.033. Compliance with both statutes is essential to begin the six-month period to bring a will contest." 918 S.W.2d at 776. In its discussion of the requirements for commencement of the statutory window, Sansone argues that the court implicitly prohibits premature filing.

*Bosworth*, however, contradicts Sansone's argument. In response to an assertion that noncompliance with section 473.083 deprived the trial court of jurisdiction, the Court in *Bosworth* explained that the time limitations set forth in this section are *not* jurisdictional. *Id.* at 777. Rather, "the will contest statute is one of limitation and not one of jurisdiction." *Id.; Estate of Schler v. Benson*, 947 S.W.2d 495, 499 (Mo.App.1997) ("[I]f notice is required to be given 'within' a certain time after a specified event, it simply means that notice must be given *not later than* the time specified; it does not invalidate notice given prior to the specified time."). Since the time restrictions set forth in section 473.083 are not jurisdictional in nature, Kleim's premature filing of the will contest petition did not deprive the trial court of jurisdiction, subject matter or otherwise.

Statutes of limitation set maximum time periods. As a statute of limitations, section 473.083.1 dictates the maximum time an interested party has to contest the validity of a will. The function of the statute is to bar will contest petitions that are filed beyond the specified time limitations. Since, by definition, statutes of limitation do not restrict how early a party may file, the fact that Kleim filed the petition before the period specified in section 473.083.1 does not render her claim invalid. Like all statutes of limitation, section 473.083.1 creates a termination point after which a claim cannot be brought.

Because Kleim filed her will contest petition before the statute of limitations had expired, her petition was not time-barred. Rather than dismissing her suit, the circuit court should have held the prematurely-filed petition for consideration until after the probate division admitted the will to probate.

### Failure to Serve Other Parties

Sansone contends that this Court should affirm the trial court's dismissal of the will contest action because Kleim failed to serve the others named in the will—Mike Orville, Lorayne Pletting and the public library in Richwood.

Sansone raises this issue for the first time on appeal. A party on appeal generally "must stand or fall" by the theory on which he tried and submitted his case in the court below. *Walker v. Owen*, 79 Mo. 563, 568 (Mo.1883). Sansone argues that this general rule does not apply because notice is a "jurisdictional requirement." Sansone is incorrect. Kleim's alleged noncompliance with the notice re-

quirements of these statutes as they relate to third parties is not a question of jurisdiction. It is a statutory argument based upon the question of whether Kleim complied with sections 473.083.6 and 472.300. Under the general rule that points raised for the first time on appeal are not preserved for review, this Court will not evaluate the issue of Kleim's compliance with the statutory requirements of notice to all devisees. *Artman v. State Bd. of Registration for Healing Arts*, 918 S.W.2d 247, 252 (Mo. banc 1996). As such, this newly raised issue cannot serve as grounds for affirming the trial court's dismissal.

 Nevertheless, the recognition that a petition may be prematurely filed raises the issue of who should be served and when. Since this Court has held that the filing of the petition becomes effective when the challenged will is admitted to probate, it follows that the parties that must be served under section 473.083 are not known until the will is admitted to probate. When the petition is prematurely filed, the requirement that service upon the defendant parties be secured and completed within 90 days after the petition is filed is not triggered until the challenged will is admitted to probate. As noted by Sansone, the failure to secure and complete service of process upon all parties defendant shall result in the dismissal of the petition, unless there is good cause shown. Section 473.083.

In this case, the trial court's dismissal was for lack of "subject matter jurisdiction." The trial court's ruling of lack of subject matter jurisdiction and the uncertainty in the law constitute good cause for Kleim's failure to serve Mike Orville, Lorayne Pletting and the public library in Richwood, and Kleim shall be permitted to obtain service on remand. This Court, in reversing, establishes that Kleim's petition will be deemed to be effectively filed when the mandate of this Court issues. Service deadlines in section 473.083 will begin to run in this case when the petition becomes effective.

## Conclusion

The judgment of the trial court is reversed, and the case is remanded.

All concur.