■ Discovision Associates, Appellant, v Fuji Photo Film Co., Ltd., et al., Respondents. (And a Third-Party Action.) [898 NYS2d 11]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered September 23, 2009, which, in an action for breach of contract, denied plaintiff's motion for partial summary judgment, unanimously affirmed, with costs.

A contract is ambiguous if it is "susceptible to more than one reasonable interpretation" (*Evans v Famous Music Corp.*, 1 NY3d 452, 458 [2004]), and while, in an appropriate case, summary judgment may be granted even if a contract is ambiguous (*see e.g. Hudson-Port Ewen Assoc. v Chien Kuo*, 165 AD2d 301, 303 [1991], *affd* 78 NY2d 944 [1991]), this is not such a case. Here, in opposition to plaintiff's motion, defendant Fuji Photo Film Co., Ltd. submitted admissible evidence (*compare Sutton v East Riv. Sav. Bank*, 55 NY2d 550, 553-554 [1982]), including plaintiff's contract with another licensee (*see e.g. Cibro Petroleum Prods., Inc. v Sohio Alaska Petroleum Co.*, 602 F Supp 1520, 1551-1552 [ND NY 1985], *affd* 798 F2d 1421 [1986], *cert dismissed* 479 US 979 [1986]), and the parties' course of dealing (*see Lantis Eyewear Corp. v Luxottica Group*, 294 AD2d 127, 128 [2002]) to show that its interpretation of the relevant sections of the subject contract, i.e., that it owes royalties only on products that use plaintiff's patents, is reasonable. Contrary to plaintiff's claim, section 1.5 of the contract does not resolve the ambiguity in its favor.

Furthermore, the parties are reminded that they are in New York state court, not federal court, and therefore, if they do not submit affidavits, they must comply with CPLR 2106 rather than 28 USC § 1746. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Acosta and Renwick, JJ. **[Prior Case History: 2009 NY Slip Op 32162(U).]**