In the Missouri Court of Appeals
 Eastern District
 DIVISION TWO

 ) No. ED109619
 )
 ) Appeal from the Circuit Court
IN THE ESTATE OF: ) of Gasconade County
THOMAS F. DEBOEUF, DECEASED ) Cause No. 14GA-PR00029
 )
 ) Honorable Joseph W. Purschke
 )
 ) Filed: December 21, 2021

 Introduction

 Pamela D. Cunningham (Cunningham) appeals the dismissal by the circuit court of

Gasconade County, probate division (probate court) of her petition for conversion asserted

against Respondent Fay Owsley (Owsley), individually and as personal representative of

the Estate of Thomas F. DeBoeuf (Estate). The probate court found that Cunningham

improperly brought her case in the probate division and that the probate court could not

transfer the case to the circuit court. We reverse and remand.

 Background

 On June 3, 2014, the will of Thomas F. DeBoeuf (Decedent) was admitted to

probate. On July 25, 2014, the probate court appointed Owsley, who was the public

administrator of Gasconade County at the time, as Administrator de Bonis Non of the
Estate. On March 27, 2017, the probate court suspended the administration of Owsley and

issued Letters of Administration ad Litem. The Administrator ad Litem has been serving

as the personal representative of the Estate since March 27, 2017.

 On August 31, 2018, Cunningham filed a petition for conversion against Owsley in

the probate court, alleging that Owsley sold personal property belonging to Cunningham

with a value in excess of $70,000, in the Estate’s auction on February 4, 2017. Cunningham

sought a judgment against Owsley individually and in her capacity as personal

representative of the Estate.

 The probate court dismissed Cunningham’s petition, finding that Cunningham

incorrectly filed her petition in the probate court, when she should have filed it in the circuit

court. 1 The probate court further found that it could not transfer the petition to the circuit

court because Cunningham filed it in the existing probate case, and therefore there was no

separate case to transfer to the circuit court under Section 476.410. 2 The probate court

concluded that it could not exercise jurisdiction over Cunningham’s suit. This appeal

follows. 3

1
 The probate court initially entered an order and judgment of dismissal on March 19, 2021, which did not
articulate any grounds for dismissal. Cunningham subsequently filed a motion to reconsider or for
clarification. The probate court then entered an order on April 14, 2021, setting aside its previous order and
judgment and dismissing Cunningham’s petition due to lack of jurisdiction.
2
 All statutory references are to RSMo. 2000 unless otherwise indicated.
3
 Owsley’s motion to dismiss Cunningham’s appeal as untimely is denied. Cunningham filed her notice of
appeal on April 30, 2021, 16 days after the probate court’s dismissal. Section 472.160, which permits appeal
within 10 days of entry of certain interlocutory orders by a probate court, does not apply here. Rather, this
order was the dismissal of a cause of action for lack of jurisdiction. The fact that the probate court did not
denominate such order a “judgment” pursuant to Rule 74.01 does not affect its appealability here. Rule
41.01(b); see also Kemp v. Balboa, 959 S.W.2d 116, 118 (Mo. App. E.D. 1997) (noting Rule 74.01 requiring
final judgments to be denominated “judgment” or “decree” does not apply to probate matters). Moreover,
the probate court clearly intended to finally dispose of Cunningham’s claim by its order of dismissal. See
Meadowfresh Solutions USA, LLC v. Maple Grove Farms, LLC, 578 S.W.3d 758, 760-61 (discussing
substantive differences between judgments for purpose of appeal and interlocutory orders). Cunningham’s
appeal was therefore timely. Rule 81.05(a)(1) (judgment becomes final after 30 days); Rule 81.05(b)
(premature filing considered filed immediately after judgment becomes final for purposes of appeal).
Additionally, Cunningham was not required to wait until the conclusion of the probate case to appeal the

 2
 Discussion

 Cunningham argues the probate court erred in dismissing her petition for lack of

jurisdiction, rather than transferring it to the circuit court. We agree.

 The Missouri Supreme Court squarely addressed this issue in Kleim v. Sansone,

which involved a probate division’s dismissal of a will contest petition. 248 S.W.3d 599

(Mo. banc 2008). The Missouri Supreme Court noted that since 1976, probate courts have

been divisions of the circuit court. Id. at 601. Further, Section 476.410 provides:

 The division of a circuit court in which a case is filed laying
 venue in the wrong division or wrong circuit shall transfer the
 case to any division or circuit in which it could have been
 brought.

Thus, “[w]hen a party files in the wrong division, the proper remedy is transfer to the

appropriate division.” Id. (citing Section 476.410; Rohrer v. Rohrer, 700 S.W.2d 879, 880

(Mo. App. E.D. 1985)). The Missouri Supreme Court concluded, therefore, that “the

probate division should have transferred the will contest action to the proper division, the

circuit court, rather than dismissing the action.” Id.

 Here, the parties agree that the proper division for Cunningham’s petition for

conversion was the circuit court, which we assume arguendo. Under such circumstances,

as in Kleim, rather than dismissing Cunningham’s petition, the probate division should

have severed and then transferred the conversion action to the circuit court. The probate

court’s finding that there was no separate case to transfer was therefore erroneous. In light

denial of her petition for conversion. See Kleim v. Sansone, 248 S.W.3d 599 (Mo. banc 2008) (considering
appeal of will contest dismissal prior to closing of probate).

 3
of Kleim, we see no reason a probate division cannot transfer an incorrectly filed petition

to the appropriate circuit court while retaining the rest of the probate proceedings. 4

 Further, the probate court erred in finding that it could not exercise jurisdiction over

Cunningham’s petition. In J.C.W. ex rel. Webb v. Wyciskalla, the Missouri Supreme Court

“squarely rejected the idea that statutory authority to act is a matter of jurisdiction.” State

ex rel. Franklin v. Burlison, 469 S.W.3d 498, 500 (Mo. App. E.D. 2015) (discussing Webb,

275 S.W.3d 249, 252 (Mo. banc 2009)). “Because venue is determined by the applicable

rule or statute, it does not relate to the court’s jurisdiction over a case.” Id. (citing State ex

rel. Kan. City S. Rwy. Co. v. Nixon, 282 S.W.3d 363, 365 (Mo. banc 2009)). Instead,

Section 476.410 confers a ministerial duty upon each division of the circuit court where a

case is wrongly filed to transfer cases to a proper division or circuit. See Nixon, 282

S.W.3d at 365 (noting transfer need not be immediate, trial court may consider motion to

amend and whether any amendment cures defect in venue). Thus, the probate court had

jurisdiction to consider whether it had statutory authority to adjudicate Cunningham’s

petition and to transfer the cause of action where necessary.

 Though we find error in the probate court’s reasoning for its order of dismissal here,

“[a] judgment of dismissal will be affirmed if it is supported by any ground raised in the

motion to dismiss.” Avery Contracting, LLC v. Niehaus, 492 S.W.3d 159, 162 (Mo. banc

2016). Thus, we consider Owsley’s remaining arguments, which she asserted in her motion

to dismiss, that Cunningham’s petition was time-barred. 5

4
 Indeed, the docket entries for the underlying probate case in Kleim reflect that the appellant filed the will
contest action within the existing probate case, bearing the same probate division cause number. It is a
clerical matter to provide a new cause number after severing the petition.
5
 Owsley also argued in her motion to dismiss that the petition failed to allege facts that stated a claim against
her individually. This argument is based on the pleading requirements of Rule 55.15, which do not apply in
the probate division unless the probate court enters an order otherwise. Rule 41.01(b). No such order appears

 4
 Owsley argues two statutes of limitation, or non-claim statutes of the probate code,

apply to bar Cunningham’s claim for conversion against Owsley in her official capacity.

Section 473.367 states that “[a]ny action commenced against a personal representative,

after death of the decedent, is considered a claim duly filed against the estate . . . .” Such

a claim is subject to the filing requirements of Section 473.360, which bars claims against

the estate not filed within six months of the publication of letters testamentary. Owsley

additionally cites Section 473.444, which bars all claims against the estate (with certain

exceptions not applicable here) not filed within one year of the decedent’s death.

Cunningham filed her petition on August 31, 2018, more than four years after both

Decedent’s death and the publication of letters testamentary. Owsley argues, therefore,

Cunningham’s suit against Owsley in her official capacity, and thus the Estate, is barred

by these statutes. We disagree.

 Cunningham’s claim for conversion is not a “claim” within the meaning of the non-

claim statutes. Section 472.010(3) defines “claims” to “include liabilities of the decedent

which survive whether arising in contract, tort or otherwise, funeral expenses, the expense

of a tombstone, and costs and expenses of administration[.]” Simply put, “[c]laims against

the estate of a deceased person, as that phrase is used in [Section] 473.360, refers to

liabilities of the decedent which survive.” Higgins v. McElwee, 680 S.W.2d 335, 340 (Mo.

App. E.D. 1984) (citing Strumberg v. Mercantile Trust Co., 367 S.W.2d 535, 538 (Mo.

1963)). “Liability” usually, if not always, means a debt or pecuniary obligation, and such

must have existed against the decedent to form the basis of a “claim” as used in the probate

code. Strumberg, 367 S.W.2d at 538.

in the record here. Thus, upon transfer to the circuit court, the court can consider this issue and whether it
will allow amendment of the pleadings as appropriate.

 5
 Here, Cunningham seeks recovery of the value of her personal property, which she

alleged Owsley took after Decedent’s death and sold in the estate auction on February 4,

2017. This is not a claim against Decedent that survived, but rather a claim that originated

after Decedent’s death, concerning property that was not part of Decedent’s Estate. 6 See

Higgins, 680 S.W.2d at 340-41 (finding cause of action seeking to impose trust upon assets

allegedly not part of estate is not “claim” that existed against decedent under Section

473.360); Gilliam v. Hopkins, 472 S.W.3d 436, 446 (Mo. App. 1971) (plaintiffs’ attempt

to recover assets sold to benefit estate was not claim against estate contemplated in non-

claim statutes), superseded by statute on other grounds.

 Section 473.660 allows any suit against a personal representative to be brought

within one year from the date of the personal representative’s discharge. “Discharge” has

a technical meaning outlined in Section 473.660, which entails an order of the court upon

“the filing of receipts or other evidence satisfactory to the court that distribution has been

made as ordered in the final decree.” See Wood ex rel. Estate of Lisher v. Lisher, 187

S.W.3d 913, 916 (Mo. App. W.D. 2006). The probate court has entered no such order

regarding Owsley. The probate court’s suspension of Owsley as personal representative

does not amount to a discharge under Section 473.660. Wood, 187 S.W.3d at 917 (finding

probate court’s revocation of letters of administration for personal representative and

appointment of administrator ad litem did not effectuate discharge; concluding suit for

breach of fiduciary duty was not time-barred because former personal representative had

not been discharged). Thus, Cunningham’s suit here was not time-barred.

6
 In fact, Cunningham’s claim likely did not accrue until well outside the statutory periods of Sections
473.360 and 473.444. Decedent died on May 10, 2014. On October 31, 2014, the probate court received an
inventory of assets, but the Estate’s auction did not occur until February 4, 2017. The petition does not allege
a specific date the items were made part of the Estate.

 6
 Conclusion

 The probate court erred in dismissing Cunningham’s petition rather than

transferring it to the circuit court. Additionally, we do not find any applicable statute of

limitations barred Cunningham’s suit against Owsley in her official capacity. Therefore,

we reverse the probate court’s dismissal and remand for further proceedings consistent with

this opinion.

 Gary M. Gaertner, Jr., J.

Robert M. Clayton III P.J., and
Thomas C. Clark, II, J., concur.

 7