IN THE MISSOURI COURT OF APPEALS
 WESTERN DISTRICT
 ROY BROWN, et al., )
 Respondents, )
 )
 v. ) WD84613
 )
 CHIPOTLE SERVICES, LLC, et ) FILED: March 8, 2022
 al., )
 Appellants. )
 Appeal from the Circuit Court of Jackson County
 The Honorable Justine Del Muro, Judge
 Before Division Two: Alok Ahuja, P.J., and
 Edward R. Ardini, Jr. and Janet L. Sutton, JJ.
 Kourtney Cunningham, Zhyesia Jameson, and Roy Brown (the “Employees”),

jointly filed suit in the Circuit Court of Jackson County against Chipotle Mexican

Grill, Inc., Chipotle Services, LLC, and Chipotle Mexican Grill of Colorado, LLC

(collectively “Chipotle”). The Employees alleged claims of unlawful discrimination
and retaliation in employment. Chipotle moved to compel arbitration of the

Employees’ claims. The circuit court denied Chipotle’s motion, and it appeals.

Because Chipotle failed to submit competent evidence to the circuit court

establishing the existence of any arbitration agreements, we affirm the circuit

court’s denial of Chipotle’s motion to compel arbitration.

 Factual Background
 The Employees each worked at a Chipotle restaurant on Main Street in

Kansas City beginning in 2016 or 2017. The employment of each of the Employees
terminated in 2019.
 On February 1, 2021, the Employees filed suit against Chipotle in the circuit

court. In their Petition, each of the Employees alleged claims for discrimination,

harassment, and retaliation in employment based on race or color, in violation of

the Missouri Human Rights Act (or “MHRA”), ch. 213, RSMo. In addition,

Cunningham alleged that Chipotle had retaliated against her for seeking

compensation for a workplace injury, in violation of Missouri’s Workers’

Compensation Law, § 287.780.1

 On May 18, 2021, Chipotle filed a motion to compel arbitration. Chipotle

claimed that each Employee electronically reviewed and signed an Agreement to

Arbitrate when they were hired. Chipotle contended that, under the Agreement to

Arbitrate, the Employees agreed to submit to binding arbitration “any and all

disputes, claims, and controversies arising out of or relating to . . . the parties’

employment relationship.”

 In support of its motion to compel arbitration, Chipotle attached as exhibits

two unnotarized declarations, each of which was submitted “under penalty of

perjury.” The first declaration was signed by Robert J. Mollohan, Jr., an attorney

representing Chipotle in this case. Mollohan’s declaration stated that he had asked

the Employees to agree to submit their disputes to arbitration, but that they had
refused.

 The second unsworn declaration was executed by Caroline Barcelona, a

“People Experience Partner” for Chipotle. Barcelona’s declaration explained that,

at the time the Employees were hired, they were required to “complete the

onboarding process” before starting their employment with Chipotle. Barcelona’s

declaration stated that “[o]nboarding refers to the process through which employees

formalize and finalize their employment relationship with Chipotle and is done

 1 Statutory citations refer to the 2016 edition of the Revised Statutes of
Missouri, updated by the 2021 Cumulative Supplement.

 2
through Workday, which is Chipotle’s human resources software.” According to

Barcelona’s declaration, new employees were required to accept the terms of an

Agreement to Arbitrate as part of the onboarding process. Barcelona stated that

new employees were given “unique log-in credentials” which should not be available

to any other individual completing the onboarding process. New employees were

instructed to “e-sign” the relevant onboarding documents “by marking the ‘I Agree’

box . . . and clicking on the ‘Submit’ button” in the Workday software. Barcelona

attached to her declaration the Agreements to Arbitrate which she contended were

in effect at the time each of the Employees began their employment with Chipotle.

She also attached spreadsheets generated by the Workday software, which

indicated the date and time at which each Employee had purportedly reviewed and

accepted the Agreement to Arbitrate and other onboarding documents.

 Nothing in Barcelona’s declaration indicates that she ever communicated

directly with any of the Employees, or that she personally had any role in their

hiring or onboarding at the Main Street Chipotle restaurant. Although Barcelona’s

declaration states that restaurant workers are employed by Chipotle Services, LLC,

a subsidiary of Chipotle Mexican Grill, Inc., Barcelona does not identify herself as

an officer or employee of Chipotle Services, LLC, but instead as a “People
Experience Partner” for an unidentified “Chipotle” entity.

 The Employees filed suggestions in opposition to Chipotle’s motion to compel

arbitration. In their opposition, the Employees moved to strike the Barcelona and

Mollohan declarations for “being hearsay, lacking foundation, and being based on

speculation.”

 Besides moving to strike her declaration, the Employees also contended that

Barcelona’s declaration did not constitute competent evidence because she lacked

personal knowledge concerning: what the Employees were instructed at the time
they were hired; whether and how they were issued any log-in credentials to access

 3
the onboarding documents; or the nature of any documents they may have reviewed

or electronically signed at the time of their hiring. The Employees also pointed out

that the Agreements to Arbitrate attached to Barcelona’s declaration were undated.

The Employees asserted that, “[t]o the extent the objections [to Barcelona’s

declaration] are not sustained, then the Court should instead find the declaration,

including exhibits, by Ms. Barcelona not to be credible and reject her baseless

claims and conclusions.” The Employees also contended that the Agreements to

Arbitrate were not enforceable because they were not supported by consideration;

because Chipotle had never manifested its assent to the Agreements; and because

the Agreements violated the Employees’ right to a jury trial as guaranteed by the

Missouri Constitution.

 In its reply suggestions in support of its motion, Chipotle argued among other

things that “[t]he Declarations in Support of Chipotle’s Motion Are Admissible and

Dispositive.”

 The circuit court denied Chipotle’s motion to compel arbitration. Its order did

not state any basis for its ruling.

 Chipotle appeals the order denying its motion to compel arbitration, as

authorized by § 435.440.1(1). See Holm v. Menard, Inc., 618 S.W.3d 669, 672 n.1
(Mo. App. W.D. 2021).

 Standard of Review
 Generally, the question of whether a motion to compel arbitration should

have been granted is one of law, which is reviewed de novo. Triarch Indus., Inc. v.

Crabtree, 158 S.W.3d 772, 774 (Mo. 2005). “‘However, issues relating to the

existence of an arbitration agreement are factual and require our deference to the

trial court's findings.’” Trunnel v. Mo. Higher Educ. Loan Auth., 635 S.W.3d 193,

197 (Mo. App. W.D. 2021) (quoting Miller v. Securitas Sec. Servs. USA Inc., 581
S.W.3d 723, 728 (Mo. App. W.D. 2019), in turn quoting Baier v. Darden Rests., 420

 4
S.W.3d 733, 736 (Mo. App. W.D. 2014)). Thus, as in any other case in which a

circuit court has resolved factual issues, “in an appeal from a circuit court's order

overruling a motion to compel arbitration when there is a dispute as to whether the

arbitration agreement exists, the circuit court's judgment will be affirmed unless

there is no substantial evidence to support it, it is against the weight of the

evidence, or it erroneously declares or applies the law.” Theroff v. Dollar Tree

Stores, Inc., 591 S.W.3d 432, 436 (Mo. 2020) (footnote omitted) (citing Murphy v.

Carron, 536 S.W.2d 30, 32 (Mo. 1976)).

 Discussion
 “A motion to compel arbitration first requires the trial court to determine

whether a valid arbitration agreement exists.” Baier, 420 S.W.3d at 737 (citation

omitted); see also, e.g., Miller, 581 S.W.3d at 729 (quoting Nitro Distrib., Inc. v.

Dunn, 194 S.W.3d 339, 345 (Mo. 2006)); Bertocci v. Thoroughbred Ford, Inc., 530

S.W.3d 543, 550 (Mo. App. W.D. 2017).

 “The party seeking to compel arbitration has the burden of proving the

existence of a valid and enforceable arbitration agreement.” Jimenez v. Cintas

Corp., 475 S.W.3d 679, 683 (Mo. App. E.D. 2015) (citing Whitworth v. McBride &

Son Homes, Inc., 344 S.W.3d 730, 737 (Mo. App. W.D. 2011)); accord Baier, 420

S.W.3d at 737. For Chipotle to establish that valid arbitration agreements existed,

it was required to prove that the Employees had assented to agreements containing

an arbitration clause. Theroff, 591 S.W.3d at 437.

 In order to satisfy its burden to prove the existence of enforceable arbitration

agreements, Chipotle was required to submit competent evidence establishing that

the Employees in fact manifested their assent to the Agreements to Arbitrate. “A

motion is not self-proving, and the movant has the burden of proving the allegations

contained therein.” St. Louis Bank v. Kohn, 517 S.W.3d 666, 674 (Mo. App. E.D.
2017) (citation omitted); see also, e.g., Holmes v. Union Pac. R.R. Co., 617 S.W.3d

 5
853, 861 (Mo. 2021). In particular, “[e]xhibits attached to motions filed with the

trial court are not evidence and are not self-proving.” Bertocci, 530 S.W.3d at 551

(quoting Ryan v. Raytown Dodge Co., 296 S.W.3d 471, 473 (Mo. App. W.D. 2009));

see also Powell v. State Farm Mut. Auto Ins. Co., 173 S.W.3d 685, 689 (Mo. App.

W.D. 2005) (motion properly denied where “exhibits were not in the form of

affidavits and were never introduced into evidence”); Kulaga v. Kulaga, 149 S.W.3d

570, 573 n. 6 (Mo. App. W.D. 2004). “The authenticity of a document cannot be

assumed”; instead, “what it purports to be must be established by proof. Thus,

before a document can be admitted into evidence and considered by the [circuit]

court, its proponent must show that it is, in fact, what it is purported to be.” Asset

Acceptance v. Lodge, 325 S.W.3d 525, 528 (Mo. App. E.D. 2010).

 Affidavits are generally considered to be hearsay and are not admissible as

evidence at trial, absent a stipulation of the parties. See, e.g., Fields v. State, 625

S.W.3d 479, 483 (Mo. App. W.D. 2021); Fed. Nat’l Mortg. Ass’n v. Bostwick, 414

S.W.3d 521, 529 n.7 (Mo. App. W.D. 2013). Rule 55.28 expressly authorizes the use

of affidavits as proof supporting the factual allegations in a motion, however. Rule

55.28 provides that, “[w]hen a motion is based on facts not appearing of record the

court may hear the matter on affidavits presented by the respective parties, but the
court may direct that the matter be heard wholly or partly on oral testimony or

depositions.”

 To establish the existence of arbitration agreements to which the Employees

had assented, Chipotle submitted the declaration of Caroline Barcelona. Attached

to the Barcelona declaration were documents purporting to show that each of the

Employees reviewed an Agreement to Arbitrate over the internet, and electronically

accepted the terms of the Agreement.

 The Barcelona declaration was not competent evidence, however, to establish
the authenticity of the documents attached to it. Missouri law requires authenticity

 6
to be proven, such as by “pleadings, affidavits, interrogatories, requests for

admissions, or testimony.” Bertocci, 530 S.W.3d at 551; see Hinton v. Proctor &

Schwartz, Inc., 99 S.W.3d 454, 458-59 (Mo. App. E.D. 2003). An affidavit “is a

written declaration on oath sworn to by a person before someone authorized to

administer such oath,” such as a notary public. Piva v. Piva, 610 S.W.3d 395, 399

(Mo. App. E.D. 2020) (citation omitted). Where a “purported affidavit [does] not

include an oath sworn to before someone authorized to administer an oath,” it is

“merely an unsworn statement,” and does not constitute competent evidence

supporting the factual allegations contained in a motion. Hinton, 99 S.W.3d at 458-

59 (citation omitted); accord Jordan v. Peet, 409 S.W.3d 553, 559 n.2 (Mo. App. W.D.

2013) (signed witness statements “were not affidavits” where they were not attested

before a person authorized to administer oaths); State ex rel. Nixon v. McIntyre, 234

S.W.3d 474, 477-78 (Mo. App. W.D. 2007).

 In this case, although Barcelona’s declaration stated that she executed it

“under penalty of perjury,” it was not sworn before a notary or other person

authorized to administer oaths. It therefore could not serve as competent evidence

to establish the authenticity of the documents attached to it, including the

Agreements to Arbitrate and the Workday software records which purportedly
reflected the Employees’ review and acceptance of the Agreements.

 Chipotle argues that Barcelona’s declaration was sufficient under § 509.030,

and that an affidavit was accordingly not required. Section 509.030 states:

“pleadings need not be verified or accompanied by affidavit . . . . Any statutory

requirement that pleadings be acknowledged under oath, verified or notarized may

be satisfied by a declaration that the pleading is made under penalty of perjury.”

(Emphasis added.) Section 509.030 applies exclusively to “pleadings”. Chipotle’s

motion to compel arbitration was not a “pleading,” however. This is made clear by

 7
§ 509.010, which lists the “pleadings” required in civil actions in Missouri state

courts:

 There shall be a petition and an answer; and there shall be a
 reply if the answer contains a counterclaim denominated as such; an
 answer to a cross-claim, if the answer contains a cross-claim; a third-
 party petition if leave is given to summon a person who was not an
 original party; and there shall be a third-party answer, if a third-party
 petition is served. No other pleading shall be required except that the
 court may order a reply to an answer or a third-party answer.
(Emphasis added.) A similar definition appears in Rule 55.01.

 Chipotle also cites 28 U.S.C. § 1746, which gives unnotarized declarations

made under penalty of perjury the same “force and effect” as affidavits in proving

“any matter.” 28 U.S.C. § 1746 is inapplicable in this state-court proceeding,

however. See Baker v. State, 796 S.W.2d 426, 427 (Mo. App. S.D. 1990) (“‘The

federal law controls, of course, as to procedure in federal courts, and the state law

controls as to procedure in state courts. Otherwise, turmoil results.’” (quoting

O’Such v. State, 423 So.2d 317, 319 (Ala. Crim. App. 1982)); see also, e.g.,

Discovision Assocs. v. Fuji Photo Film Co., 898 N.Y.S.2d 11, 12 (App. Div. 2010);

Toledo Bar Ass’n v. Neller, 809 N.E.2d 1152, 1153-54 (Ohio 2004); McMillan v.

State, 769 S.W.2d 675, 676 n.1 (Tex. App. 1989). Chipotle suggests that 28 U.S.C.

§ 1746 should be applicable here, because the enforceability of the Agreements to

Arbitrate is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. Even

though Chipotle may be seeking to enforce substantive rights arising under the

Federal Arbitration Act, however, Missouri’s procedural rules apply to proceedings

under the Act which are brought in state court. Nitro Distrib., 194 S.W.3d at 351;

Kunzie v. Jack-In-The-Box, Inc., 330 S.W.3d 476, 481 (Mo. App. E.D. 2010).

 Chipotle also asserts that, because the Employees did not present any

evidence to dispute that they agreed to the arbitration agreements, their assent to
those agreements was uncontroverted, and Chipotle was excused from proving the

 8
existence of the agreements through competent evidence. We disagree. In opposing

Chipotle’s motion to compel arbitration the Employees objected to the admissibility

of Barcelona’s declaration, and also attacked the probative value of her declaration.

Thus, the Employees argued, among other things, that the Barcelona declaration

was unpersuasive because it was not based on personal knowledge, attached

undated documents, and because it failed to give details concerning the manner in

which the arbitration agreements were made available to the Employees and later

executed. The Employees plainly contested Chipotle’s attempt to show that they

had agreed to the Agreements to Arbitrate. Chipotle’s factual claims were

accordingly not conclusive or binding on the circuit court, and Chipotle was required

to prove its assertions. See White v. Dir. of Revenue, 321 S.W.3d 298, 308 (Mo.

2010) (“While a party can contest evidence by putting forth evidence to the contrary,

a party also can contest evidence by cross-examination, or by pointing out internal

inconsistencies in the evidence,” or by “arguing . . . that the witness is not credible

as apparent from the witness's demeanor, or because of the witness's bias or the

witness's incentive to lie.” (citations omitted)).

 Finally, Chipotle argues that the Employees should not be permitted to now

argue for affirmance based on the fact that the Barcelona declaration was not
notarized, because they did not object to her declaration on that basis in the circuit

court. As an initial matter, we note that the Employees did move to strike the

Barcelona declaration for “being hearsay, lacking foundation, and being based on

speculation.” In response, Chipotle defended the admissibility of Barcelona’s

declaration in the reply suggestions it filed in support of its motion to compel

arbitration. While the Employees’ objections may not have been particularly

specific, the Employees did object to the admissibility of Barcelona’s declaration on

grounds which were broad enough to comprehend the declaration’s lack of

 9
notarization, and Chipotle was put on notice of its need to defend the declaration’s

competence.

 But more fundamentally, Chipotle’s argument ignores the fact that the

Employees are not the appellants in this case, seeking to overturn the circuit court’s

order. Rules requiring that claims of error be preserved in the circuit court do not

apply equally to appellants and respondents. Generally, the requirement that

claims first be raised in the circuit court is applied to appellants, based on the

notion that an appellate court “‘will not, on review, convict a lower court of error on

an issue which was not put before it to decide.’” State v. Bales, 630 S.W.3d 754, 761

n.8 (Mo. 2021) (quoting Johnson v. State, 580 S.W.3d 895, 899 n.3 (Mo. 2019)); see

also, e.g., Holmes, 617 S.W.3d at 859 (quoting Lincoln Credit Co. v. Peach, 636

S.W.2d 31, 36 (Mo. 1982)). We presume on appeal that a circuit court’s decisions

are correct, and “it is appellant’s burden to dislodge us from th[at] presumption”

and establish reversible error. Marck Indus., Inc. v. Lowe, 587 S.W.3d 737, 743

(Mo. App. S.D. 2019). An appellant “‘cannot stand idly by not making an objection

and not bringing to the attention of the trial court [its alleged] errors; gamble on a

favorable verdict; and then, when the result is adverse, complain.’” Paulson v.

Dynamic Pet Prods., LLC, 560 S.W.3d 583, 593 (Mo. App. W.D. 2018) (citation
omitted).

 The rule is different for arguments which will result in affirmance of the

circuit court’s decision. “[A]ppellate courts are ‘primarily concerned with the

correctness of the trial court's result, not the route taken by the trial court to reach

that result,’ and the trial court's judgment must be ‘affirmed if cognizable under any

theory,’ regardless of whether the trial court's reasoning is wrong or insufficient.”

State ex rel. Greitens v. Am. Tobacco Co., 509 S.W.3d 726, 736 (Mo. 2017) (quoting

Rouner v. Wise, 446 S.W.3d 242, 249 (Mo. 2014)); see also, e.g., St. Luke’s Hosp. v.
Benefit Mgmt. Consultants, Inc., 626 S.W.3d 731, 753 (Mo. App. W.D. 2021). Where

 10
the circuit court does not specify the reasons for a decision, this Court “will affirm if

the holding is correct on any tenable basis.” Johnson v. Otey, 299 S.W.3d 308, 310

(Mo. App. S.D. 2009). Our identification of arguments which will uphold the circuit

court’s judgment is not limited to issues raised by the respondent. Indeed, “‘[a]

respondent is not required to file a brief, . . . and he does not have the burden on

appeal to establish the correctness of the judgment.’” State ex rel. Evans v. Brown

Builders Elec. Co., 254 S.W.3d 31, 34 n.5 (Mo. 2008) (quoting Lakin v. Postal Life &

Cas. Ins. Co., 316 S.W.2d 542, 549 (Mo. 1958)).

 Consistent with these principles, the Missouri Supreme Court has held that

an appellate court should uphold a circuit court’s evidentiary rulings, even on

grounds different from those asserted by the respondent in the circuit court. Thus,

in a case in which the appellant argued that he was entitled to a new trial because

the circuit court had improperly excluded evidence, the Supreme Court explained:

 “[I]t is well settled that if the action of the trial court was proper on
 any ground, although not asserted, such action will be upheld.”
 Franklin v. Friedrich, 470 S.W.2d 474, 476 (Mo. 1971). As a result, “it
 is immaterial on what ground the objection or ruling was made or
 whether such ground is good; and the sufficiency of the reason need not
 be considered.” Id.
Lozano v. BNSF Ry. Co., 421 S.W.3d 448, 451 (Mo. 2014).
 In the Franklin case on which Lozano relied, an exhibit showing the

plaintiff’s prior criminal conviction was admitted at trial on the theory that it

impeached the plaintiff’s credibility. 470 S.W.2d at 475-76. The Supreme Court

held that admission of the exhibit for impeachment was erroneous; yet it

nevertheless affirmed, based on a determination that the exhibit was admissible as

“an admission or declaration against interest.” Id. at 476. Similarly, in Barlow v.

Thornhill, 537 S.W.2d 412 (Mo. 1976), the Supreme Court held that the circuit court

had erroneously excluded an exhibit on the basis that it was hearsay; the Court
nevertheless upheld the circuit court’s evidentiary ruling, because the statements

 11
contained in the challenged exhibit did not constitute admissible expert opinions.

Id. at 421-22. This Court has likewise upheld evidentiary rulings on grounds

different from those advocated by the respondent in the circuit court. See, e.g.,

Payne v. Cornhusker Motor Lines, Inc., 177 S.W.3d 820, 839–40 (Mo. App. E.D.

2005); Foster v. Barnes-Jewish Hosp., 44 S.W.3d 432, 438–39 (Mo. App. E.D. 2001).

 With a single notable exception, the cases Chipotle cites requiring

preservation of arguments in the circuit court all involve arguments asserted by an

appellant. As discussed above, however, respondents are not subject to the same

preservation obligations as appellants, and those cases are accordingly not

controlling here.

 The one outlier case cited by Chipotle is Kleim v. Sansone, 248 S.W.3d 599

(Mo. 2008). In Kleim, a circuit court dismissed a will-contest petition on the basis

that it lacked subject matter jurisdiction over the petition because the petition had

been filed prematurely, before the contested will had been admitted to probate. Id.

at 600-01. The Missouri Supreme Court rejected the circuit court’s jurisdictional

ruling. Id. at 602. The Court then refused to consider the respondent’s alternative

argument that the dismissal of the petition could be affirmed on the basis that the

contestant had failed to timely serve the petition on all of the beneficiaries named in
the will. The Court held that this issue was not properly before it, because the

respondent “raises the issue for the first time on appeal.” Id. The Court cited the

principle that “[a] party on appeal generally ‘must stand or fall’ by the theory on

which he tried and submitted his case in the court below.” Id. (citation omitted).

The Court’s ruling appears to have been animated by its belief that the will

contestants’ failure to timely serve the beneficiaries was excusable due to the circuit

court’s rulings, and because of the legal uncertainty surrounding the jurisdictional

issue. Id. at 603. Whatever the basis or continuing validity of this aspect of the
Kleim decision, we are bound to follow the Court’s more recent statement in Lozano,

 12
that an evidentiary ruling may be affirmed on grounds not asserted by the

respondent in the circuit court.

 The Employees moved to strike Barcelona’s declaration in the circuit court on

the basis that it was inadmissible. We presume that the Employees’ motion to

strike was one of the grounds on which the circuit court relied in denying Chipotle’s

motion to compel arbitration. The objections the Employees asserted in their

motion to strike were broad enough to include Barcelona’s failure to swear to her

statements before an officer authorized to administer oaths. In these

circumstances, it is irrelevant whether or not the Employees specifically argued

that Barcelona’s declaration was incompetent because it was not notarized.

 Because the Barcelona declaration, and the attachments to that declaration,

are not competent evidence to establish the existence of an arbitration agreement

between Chipotle and the Employees, Chipotle’s motion to compel arbitration

necessarily fails. See Ryan v. Raytown Dodge Co., 296 S.W.3d 471, 473 (Mo. App.

W.D. 2009) (arbitration proponent failed to prove the existence of an arbitration

agreement where it merely attached the purported agreement to its motion to

compel arbitration, but did not establish its authenticity “by the usual methods

such as pleadings, affidavits, interrogatories, requests for admissions, or
testimony”); AJM Packaging v. Crossland Constr. Co., 962 S.W.2d 906, 910-11 (Mo.

App. W.D. 1998) (the unsupported assertion in a motion to compel arbitration, that

an attached exhibit was the parties’ arbitration agreement, was insufficient to prove

the agreement’s existence).

 The existence of an arbitration agreement between the parties is a threshold

issue. See Theroff, 591 S.W.3d at 437. Chipotle’s failure to prove the existence of

the claimed arbitration agreements through competent evidence is dispositive of

this appeal.

 13
 Conclusion
 The circuit court’s order denying Chipotle’s Motion to Compel Arbitration is

affirmed.

 Alok Ahuja, Judge
All concur.

 14